WOLF AUTOMOTIVE, Appellant,

v.

RALLY AUTO PARTS, INC., Appellee.

[Cite as *Wolf Automotive v. Rally Auto Parts, Inc.* (1994), 95 Ohio App.3d 130.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE11–1549.

Decided Aug. 11, 1994.

*Abroms & Weisz* and *Larry S. Pollak,* for appellant.

*Goldman & Marlin* and *Lee S. Rosenthal,* for appellee.

WHITESIDE, Presiding Judge.

Plaintiff, Wolf Automotive, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error, as follows:

"The Common Pleas Court erred in approving and adopting the findings, conclusions and recommendations of the referee's report because the referee exceeded his discretion by denying leave to amend the complaint and granting an involuntary dismissal since the evidence showed plaintiff-appellant was entitled to relief on claims that were proven but not pled."

Plaintiff brought this action seeking to recover $16,637.93 upon an account, a copy of which was attached to the complaint. The case proceeded to trial before a referee, who sustained the motion of defendant R.A.L. Auto Parts, Inc.[1] to dismiss at the close of plaintiff's case based upon a finding that plaintiff failed to prove properly a claim for relief on an account because neither computer-generated document shows an agreed-upon or a zero balance to start the tabulation and because neither shows "individualized credits and debits for the payment checks and the invoices." The referee further noted that plaintiff "has removed from the tabulation all the credits that Defendant was entitled to for prior adjustments."

Plaintiff filed objections to the referee's report, together with a transcript of all of the evidence. The trial court improperly and erroneously failed to make an independent review and determination upon the evidence and, instead, in a written decision incorporated into the judgment entry, stated:

"This Court will not substitute its judgment for that of the Referee on issues of fact since the credibility and weight of testimony is within the province of the trier of fact.

"The Court further finds that the findings, conclusions and recommendations of the Referee are supported by reliable, probative and substantial evidence and are

---

1. Although the complaint names "Rally Auto Parts, Inc." as defendant, all the evidence refers to "R.A.L. Auto Parts, Inc.," and that designation will be used herein.

in accordance with law. Plaintiff's claim of a mere pleading defect is not supported by sufficient evidence. * * * "

For that reason alone, a reversal and remand for proper independent determination of the facts by the trial court based upon the weight of the evidence would be necessary. This error is not included within the assignment of error. However, the assignment of error raised cannot be determined without recognition of this error, resolution of which could well render moot the specific error raised.

■ However, we note one additional factor which also underlies the referee's report because, even if it were not prejudicial error for the trial court to defer to the referee with respect to findings of fact where a transcript has been provided, the trial court erred in finding the referee's recommendation not to be contrary to law.

Plaintiff has contended that it properly proved the account but insists that, if for some reason it did not, it should be permitted to amend its complaint so as to allege the underlying contractual arrangement upon which the account is predicated, as to which there was ample evidence adduced at trial.

The copy of the account attached to the complaint, as well as the two exhibits, one of which is identical to the attachment to the complaint, introduced into evidence as plaintiff's exhibits 2 and 3, are proper (although not perfect) accounts within the standard announced by this court in *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373. In *Brown,* we noted that, where the account is attached to the complaint, the defendant properly waives any objection to use of the short-form pleading by failing to file a Civ.R. 12 motion to the complaint. In *Brown,* we further stated at 126, 38 O.O.2d at 145–146, 223 N.E.2d at 375:

"An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or *an arrangement which permits the calculation of the balance claimed to be due.*" (Emphasis added.)

We also stated in *Brown* that: "A copy of a ledger sheet, or an accounts receivable record, will ordinarily meet the requirements of an account." *Id.* at 126, 38 O.O.2d at 145, 223 N.E.2d at 375. The difficulty in this case is that plaintiff keeps its ledger and accounts receivable record by computer, rather than by written methodology.

■ The only facial deficiency in the copies of the account attached to the complaint and those introduced into evidence is that they do not state that there is a zero balance at the beginning of the period covered by the account. However, we must state two truisms as to accounts at the outset. First, to constitute an account, it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship, although such also would represent an account. Second, the importance of stating that there must be a zero balance is that the account for purposes of short-form pleading and proof may commence at any point in the business relationship between the parties, at which time the balance is zero. Similarly, it may commence at any point where the parties have agreed upon a past-due or presently due balance and proceed from that time forward. However, where the balance is zero, it is not necessary that that be stated on the account, so long as it is readily ascertainable by arithmetic calculation that the account commences with no outstanding balance.

Reviewing these accounts (whether plaintiff's Exhibit 2 or plaintiff's Exhibit 3), since with two exceptions they are identical in content (although not in form), it is readily apparent that the account in question commences on February 14, 1991. It then in chronological order enumerates numerous debits totalling $29,499.90. The account then shows four credits totalling $12,861.97, which mathematically computes to the balance alleged and stated of $16,637.93.

On their face, both Exhibits 2 and 3 are proper accounts, and the referee's determination, apparently adopted by the trial court, that they do not meet the requirements of *Brown* is erroneous. We do note two deficiencies which are not noted by the referee. First, on plaintiff's Exhibit 3, at the very beginning of the account, certain material is blacked out. Plaintiff's Exhibit 2, on the other hand, contains two items, a debit and a credit in the identical amount of $14,918.01, the credit being on August 20, 1991, and the debit being under date of September 5, 1991. No issue was raised with respect to this at trial, and it does not affect the balance stated on the account.

Plaintiff's Exhibit 2 is labelled "Accounts Receivable Aging Report," essentially the "accounts receivable record" referred to in *Brown*. Plaintiff's Exhibit 3 is labelled "Statement" and appears to be a statement rendered to defendant under the date of August 31, 1991, but individually itemizes the debits and credits. Although the account commences in February, the credits are one in June, one in July, and two in August. In other words, on the face of both exhibits, a proper account is reflected, itemizing both the debits and the credits and showing a proper balance between the two, commencing with a mathematically zero balance, although not so printed on the account itself.

■ If additional payments are claimed by defendant, it is necessary that defendant plead payment as an affirmative defense, and defendant would have the burden of proving such payment. See Civ.R. 8(C). In addition to a general denial, defendant's answer does plead an affirmative defense, as follows:

"Pursuant to an agreement between the parties, Defendant agreed to purchase from Plaintiff certain automotive parts for sale at Defendant's retail stores and Plaintiff agreed to give to Defendant credits against the purchase price of the merchandise for advertising charges, returned goods, defective goods and freight charges, which credits are not reflected on Plaintiff's account, Exhibit 'A' to its Complaint. Accordingly, Defendant does not owe the amount alleged in the Complaint."

As a third defense, defendant stated: "Plaintiff has failed to attach a valid statement of account to his Complaint." In other words, defendant challenged the validity of the "statement of account," not the existence of the account, conceding in its affirmative defense that a contractual relationship on an account existed between the parties. The referee recognized this problem by stating:

"This Referee notes by way of dicta that Defendant in all probability owes Plaintiff some amount on the running account. The amount of the disputed credits for freight and certain other items were clearly less than the amount of the invoices for the goods shipped. It will probably take an accountant or a qualified bookkeeper to sort out the paperwork and determine an accurate balance on the account. * * * "

Unfortunately, the referee prevented this from occurring through the evidence by first prematurely determining the case at the close of plaintiff's case, even though a *prima facie* case had been proved, and by failing to place the burden of proof of payment upon defendant. The affirmative defense of payment includes the "disputed credits for freight and certain other items" alluded to by the referee. Unfortunately, there was no evidence that the credits even existed since they were only referred to during cross-examination of plaintiff's sole witness, who denied that the credits were not given in the proper manner, and defendant failed to offer into evidence any of the exhibits utilized during cross-examination of plaintiff's witness. Perhaps this was because they were not properly authenticated and probably were not admissible since these exhibits would be germane as part of defendant's case in an attempt to improve the affirmative defense of payment, rather than part of plaintiff's case.

The only evidence as to credits was that, when appropriate, credits for freight charges paid by the purchaser are considered the same as cash and are credited when the customer pays the invoice for the merchandise by indicating the total amount due and deducting the credit upon receipt of a copy of the motor freight bill and payment of the remaining balance due upon the purchase. There are

only four debits on the account to which this could be applicable. Presentation of the proper evidence that defendant paid the freight charges with respect to merchandise for which it was entitled to receive a credit under the arrangements between the parties would only serve to reduce the total amount due upon the account, not to invalidate the account.

There was also some evidence as to the $14,918.01 credit (and similar debit) (defendant's Exhibit 93 which was not introduced into evidence by defendant). There was also some reference to some type of stock adjustment arrangement. The confusing testimony was to the effect that, when a credit was given "it is purged"; however, also purged is the debit to which the credit relates. Also referred to were payments of $7,800 on February 6, 1991, and $328 on February 13, 1991, both prior to the commencement of the period covered by the account. There was, in addition, reference to a $643 payment on February 20, 1991, a $270 payment in April and payments of $110, $243, and $194 in May. Also, there was reference to an $1,875 credit in April. The witness, however, specifically testified that "the payment in April has nothing to do with the invoices in question here." There was also reference in cross-examination to a credit memo issued in December of 1991 in the amount of $390.15, which the witness testified would not be on the printout since it was as of September, not December 1991. As the witness indicated on the account:

" * * * Really all you're trying to reflect in accounts receivable is how much is owed, not how much was ever owed or how much was ever paid. * * * So accounts receivable is designed to reflect the invoices left unpaid and credits left unapplied."

Accordingly, upon the face of the exhibits and pursuant to the testimony of the single witness, the exhibits properly constitute a copy of an account within the contemplation of *Brown*, in which no account was offered into evidence but, rather, only a series of copies of invoices.

We are confronted with somewhat unusual situations since we can find no prejudice in the trial court's denying the motion to amend because the original complaint properly stated a claim for relief and the evidence adduced in plaintiff's case established a prima facie case for recovery upon an account. Thus, any error in refusing to amend the complaint is not prejudicial. The referee limited his determination to his assumption that the evidence was insufficient to prove an account, that is that the exhibits were not an account. In other words, the complaint was sufficient to support recovery upon an account, and the evidence tended to prove the allegations of the complaint in that an account was established, even though defendant by cross-examination raised some question as to the accuracy of the account and as to whether all credits (payments) had been entered into the account, which is an affirmative defense. Defendant did not,

however, offer into evidence the various exhibits upon which its contentions were apparently based, nor was there any evidence as to the accuracy or authenticity of those various exhibits which defendant had marked for identification and questioned plaintiff's sole witness with respect to some of them.

 In *Am. Security Serv., Inc. v. Baumann* (1972), 32 Ohio App.2d 237, 242, 61 O.O.2d 256, 258–259, 289 N.E.2d 373, 377, this court, relying upon *Black v. Chesser* (1861), 12 Ohio St. 621, held that:

"[I]t is not necessary as a requisite to an action on an account that the items constituting the account be entered in an account book so long as they are such as usually form the subject of book account. * * * "

We further stated "the cause of action exists only as to the balance that may be due one of the parties as a result of the series of transactions," and that "[n]o evidence, otherwise competent, is rendered inadmissible because the action is on an account." In *Am. Security*, the trial court had excluded oral testimony to establish the account, and we found reversible error. We further noted that any written record kept in the ordinary course of business and properly identified is admissible into evidence if relevant to the existence of the account or the amount due thereon. The trial court admitted the exhibits into evidence, and, accordingly, they are sufficient to prove the account, even though there may be some question as to the proper amount due. As stated in *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 566 N.E.2d 684, in connection with an action upon an account "[a]bsolute certainty of proof is not required, but there must be something upon which the court can form its judgment."

 An action upon an account may be maintained and proved by business records which constitute an account (although not in the form of an ordinary book account), so long as the evidence is that the document is maintained in the ordinary course of business and contains all transactions, both debits and credits, upon which the claim upon an account is predicated. The action does not fail merely because the defendant presents an affirmative defense of payment of part or all of the amount shown to be due upon the account. Until the defendant proves such affirmative defense of payment, the trial court cannot find the account to be inaccurate or not to constitute an account, even upon a motion to dismiss in a case tried to the court, rather than a jury, where the court may weigh the evidence.

 In other words, an action upon an account may be proved by introduction of business records showing the existence of the account, even though it may be proved as an affirmative defense that the account is inaccurate because it does not reflect some payments which were made. Such proof of an affirmative defense of payment merely reduces the amount due upon the account to the

extent that payment is proved but does not destroy the plaintiff's claim upon an account as the trial court here apparently found.

The referee specifically found that some amount was due upon the account without specifying or determining that amount, and defendant's counsel in opening statement admitted that at least $330 was due upon the account.

Plaintiff's evidence establishes an account, but the amount of recovery is subject to presentation of evidence by defendant as to payments and credits in support of the affirmative defense, so that the eventual amount found due may be less than plaintiff claims. Nor are plaintiff's Exhibits 2 and 3 entitled to no weight because they are computer-generated. For the reasons and to the extent indicated above, the assignment of error is well taken.

For the foregoing reasons, plaintiff's single assignment of error is sustained to the extent indicated in this opinion, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and TYACK, JJ., concur.