ASSET ACCEPTANCE CORPORATION, Appellee,

v.

PROCTOR, Appellant.

[Cite as *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-Ohio-623.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 03CA39.

Decided Jan. 21, 2004.

Atkinson & Burton and William L. Burton, for appellant.

Kimberly A. Klemenok, for appellee.

KLINE, Presiding Judge.

{¶ 1} Larry K. Proctor appeals from the Marietta Municipal Court's summary judgment in favor of Asset Acceptance Corporation ("Asset"). Proctor argues that there is a genuine issue of material fact regarding the amount of damages he owes Asset. Proctor contends that Asset did not offer sufficient evidence to prove the amount that Proctor owes on his credit card and did not show that the payments Proctor made were credited to his account. We agree with Proctor that there is a genuine issue of material fact. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for proceedings consistent with this opinion.

I

{¶ 2} Proctor applied for and received an AT&T Universal credit card a number of years ago. AT&T assigned the debt on the credit card to Asset.

{¶ 3} Asset filed a complaint in the municipal court, alleging that Proctor owed it $3,540.92, plus another $3,901.55 in accrued interest through September 30, 2002, and interest thereafter at the rate of 10 percent per annum on the principal balance. The complaint included a copy of a Customer Account Statement and an affidavit of Charles Hilson, Branch Manager, showing the amount due. Proctor filed a general denial and raised the following affirmative defenses: the claim is barred by the applicable statute of limitations, laches, and accord and satisfaction.

{¶ 4} Asset sent Proctor interrogatories, requests for admissions, and requests for production of documents. Proctor answered the requests.

{¶ 5} Asset filed a motion for summary judgment. It referenced Proctor's admissions where Proctor admitted (1) signing the credit card application, (2) using the card to purchase items, (3) failing to make all payments timely, and (4) failing to pay the total amount due. In addition, Asset filed the affidavit of Steve Robertson, Assistant Branch Manager, to verify Proctor's indebtedness. However, just like the complaint, the affidavit of Charles Hilson, and the Customer Account Statement, Robertson's affidavit stated only the total principal and total accrued interest through September 30, 2002. It did not state how Asset arrived at these numbers. Based on these admissions and the affidavit, Asset argued that the trial court should grant its motion for summary judgment.

{¶ 6} Proctor filed a memorandum opposing the motion for summary judgment. Proctor argued that the trial court should deny the motion because he did not owe the amount that Asset said he owed. Proctor filed an affidavit and averred "1. That an accounting was never shown to me as to the basis of the alleged debt, time of the alleged debt, and/or the amount of the alleged debt. 2. That I was previously told by a representative of Plaintiff that the account was closed and written off. 3. That no information showing the balance, payments, credits, etc., has been provided. 4. That there is no basis for me to believe that any of the alleged debt was charged by me."

{¶ 7} The trial court granted Asset's motion for summary judgment.

{¶ 8} Proctor appeals and asserts one assignment of error: "The trial court erred in granting the motion for summary judgment in that there was not sufficient proof by the appellee of its damages."

## II

{¶ 9} Proctor argues in his sole assignment of error that the trial court erred because there is a genuine issue of material fact. He contends that the total amount that Asset alleges he owes is in dispute. Our standard of review is de novo.

{¶ 10} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine [whether] summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley,* 75 Ohio App.3d at 411–412, 599 N.E.2d 786. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10.

{¶ 11} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist." *Morehead v. Conley,* 75 Ohio App.3d at 413, 599 N.E.2d 786.

{¶ 12} Because an action on an account is founded upon contract, the plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account. *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684. In order to adequately plead and prove an account, "[a]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed

to be due." *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 126, 38 O.O.2d 143, 223 N.E.2d 373.

{¶ 13} Here, Asset moved for summary judgment, alleging that the total damages were not in dispute. Asset supported its motion by pointing to certain admissions Proctor had made and by an affidavit showing only the total amount due on the account. Asset failed to provide documentation of the charges, debits, or credits that would permit Proctor, the trial court, or this court to calculate the balance claimed to be due. Proctor responded by pointing out that in his admissions he denied that he owed what Asset claimed and by his affidavit where he disputed the total amount owed on his account. Hence, we find that this dispute over the total amount of damages owed is a genuine issue of material fact.

{¶ 14} Asset contends that "[a]n Appeals Court will not overturn a judgment of a lower court where that judgment is supported by some competent credible evidence." We disagree. The two cases Asset cites for this proposition, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; and *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, involve "manifest weight of the evidence" issues that arise when a trier of fact must resolve conflicting evidence, not issues involving a motion for summary judgment. We again note and emphasize that in summary judgment cases, a court must construe the evidence in favor of the nonmoving party.

{¶ 15} Asset next contends that Proctor claims that he made payments. It maintains that payment is an affirmative defense that Proctor did not assert. We disagree. "Payment is an affirmative defense and must be proved by the defendant." *Ohio State Univ. Veterinary Teaching Hosp. v. Meredith* (Feb. 4, 1999), Franklin App. No. 98AP–478, 1999 WL 52706, at 2, citing *Wolf Automotive v. Rally Auto Parts, Inc.* (1994), 95 Ohio App.3d 130, 641 N.E.2d 1195. See, also, *Fourth & Cent. Trust Co. v. Rowe* (1930), 122 Ohio St. 1, 170 N.E. 439, syllabus. However, Proctor did assert in his answer the defense of "accord and satisfaction," which involves payment. Hence, we find that he did not waive this affirmative defense.

{¶ 16} Asset next contends that "[p]ursuant to the terms and conditions of the credit card agreement and pursuant to 15 U.S.C. Sec. 1666 and Regulation Z Subsection 226–13(b)(1) of the Truth in Lending Act, a debtor has 60 days from receipt of disputed charges to notify the creditor in writing of billing errors to preserve the debtor's rights." Asset claims that Proctor waived the right to dispute the balance due. We disagree. Proctor never admitted that he received periodic statements. In the request for admissions, he stated that "I received some statements, but not since 1994." Hence, we find that there is a genuine issue of material fact on whether Proctor waived the right to challenge the

balance due.   We further note that Proctor raised the affirmative defense of laches.

{¶ 17} Consequently, we find that the trial court erred when it granted Asset's motion for summary judgment.   Accordingly, we sustain Proctor's assignment of error, reverse the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.