JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Barbara L. Cody ("Cody") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted plaintiff-appellee National Check Bureau Inc.'s ("NCB") motion for summary judgment. For the reasons stated below, we affirm.
 {¶ 2} Cody owed a balance of $1,465.33 on a credit card issued by Providian National Bank ("Providian"). Providian then sold her account to Unifund CCR Partners ("Unifund") who sold it to NCB. On May 29, 2003, NCB filed a collection suit in the Cleveland Municipal Court and was later awarded summary judgment. Cody did not dispute that she owed on the account; rather, she argued that NCB failed to establish any right to payment under the account.
 {¶ 3} Cody timely appealed and advances two assignments of error for our review.
 I. {¶ 4} In her first assignment of error, Cody argues that "the trial court erred in granting summary judgment when there is a dispute as to questions of fact and the evidence contradicts itself, thus not meeting the requirements of Rule 56 of the Ohio Rules of Civil Procedure." We disagree.
 {¶ 5} Civ. R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 6} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330. The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150.
 {¶ 7} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280. Thereafter, the nonmoving party must set forth specific facts by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330. Plaintiff's evidence must be such that a reasonable jury might return a verdict in his favor. Seredick v. Karnok (1994),99 Ohio App.3d 502. This court reviews the lower court's granting of summary judgment de novo. Ekstrom v. Cuyahoga County Community College,
Cuyahoga App. No. 81501, 2002-Ohio-6228.
 {¶ 8} Civ. R. 10(D) requires that "when any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." When an assignee is attempting to collect on an account in filing a complaint, it must "allege and prove the assignment." Zwick v. Zwick (1956), 103 Ohio App. 83, 84.
 {¶ 9} In the case sub judice, NCB submitted seven credit card statements issued by Providian to Cody, each with account number 4465-6705-0076-7629, as evidence that she owes on the account.[1] NCB also submitted a bill of sale evidencing the transfer of accounts from Providian to Unifund on November 25, 2000. Therefore, there is no question that Providian accounts were sold to Unifund. While Cody is correct that the bill of sale fails to specifically list the accounts sold to Unifund, the remaining evidence submitted by NCB clearly establishes its chain of title.
 {¶ 10} The sworn and notarized "Affidavit and Assignment" by Jessica Bergholz[2] establishes that Unifund transferred the account of Barbara L. Cody, account number 4465-6705-0076-7629, to NCB on December 12, 2000. This account bears the same name and account number that Providian originally held. Such evidence demonstrates the absence of a genuine issue of fact or material element of Cody's claim that NCB lacks ownership of her account. Cody failed to produce an affidavit or other evidence contra NCB's position. The trial court did not err in granting summary judgment.
 {¶ 11} Cody's first assignment of error is overruled.
 II. {¶ 12} In her second assignment of error, Cody argues that "the trial court erred in relying on plaintiff's affidavit which does not show personal knowledge to which the affiant can affirmatively swear or competently testify." We disagree.
 {¶ 13} In her appellate brief, Cody elected not to address the affidavit filed by Bergholz; rather, she argues that the affidavit of Morgan J. Smith,[3] which was attached to NCB's motion for summary judgment, was not based on personal knowledge and was not certified. Despite Cody's assumption that the trial court relied on this affidavit, the trial court's judgment entry makes no mention of it. Therefore, and regardless of any possible deficiencies in Smith's affidavit, Bergholz's affidavit testimony that Cody's account was transferred by Unifund to NCB remains uncontested.
 {¶ 14} We find that there is sufficient evidence in the record such that a reasonable juror would find in favor of NCB. The record, taken as a whole, logically leads us to the conclusion that the chain of title to Cody's account clearly ends with NCB.
 {¶ 15} Cody's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., Concurs; Karpinski, J., dissents with separateDissenting Opinion.
[1] The last statement submitted was December 11, 2000.
[2] Bergholz is the media supervisor at Unifund.
[3] Smith is the keeper of records at NCB.
 DISSENTING OPINION