OPINION
{¶ 1} Appellant, Kenneth J. Carson ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Municipal Court granting summary judgment in favor of appellee, Hudson Keyse, LLC Assignee Chase Bank USA, N.A. ("appellee"). For the reasons that follow, we reverse the trial court's judgment. *Page 2 
 {¶ 2} On May 8, 2006, appellee filed a complaint in the Franklin County Municipal Court naming appellant as the defendant. The complaint set forth four causes of action: (1) failure to pay money owed on an account, (2) quantum meruit based on the failure to pay for the agreed upon financial services, (3) unjust enrichment, and (4) breach of contract. The claim for money owed on an account was based on the assertion that appellee is Chase Bank's assignee by virtue of its purchase of certain credit card accounts with outstanding balances due and owing. The complaint also alleged that appellant and appellee entered into an oral financial services agreement regarding payment on the account, and that appellant failed to pay the outstanding balance as provided by the financial services agreement. The claims for quantum meruit, unjust enrichment, and breach of contract appear to have been based on the alleged financial services agreement.
 {¶ 3} The complaint further stated that appellee did not have a copy of the financial services agreement or a copy of the assigned account. Appellee attached to the complaint an affidavit executed by Nancy Quere, appellee's Legal Account Manager. The affidavit stated:
 1. That I, Nancy Quere, am the Legal Account Manager of the Plaintiff herein and am competent to testify to the matters stated herein, which are made on my personal knowledge and are true and correct.
 2. That there is justly an amount due and owing Hudson Keyse, L.L.C., Assignee of Chase Bank Usa [sic], N.a. [sic] by the Defendant to the Plaintiff the sum of money amounting to $7,833.38, plus interest totalling [sic] $3,512.78, beginning from MAY 18 2004 through MAR 31 2006; and that such balance will continue to earn interest at a rate of 24.00 from MAR 31 2006, as an annual percentage rate calculated as required by the Federal Truth In Lending Act. *Page 3 
 3. That the said indebtedness represents the amount due and originating on a credit card, which Hudson Keyse, L.L.C. is the Assignee of Chase Bank Usa [sic], N.a. [sic] and that Hudson Keyse, L.L.C, Assignee of Chase Bank Usa [sic], N.a. [sic], the within named Plaintiff, having purchased said debt from said assignor, is the owner of said debt and is the proper party to bring this action.
 4. That Plaintiff has not directly or indirectly received any part of the money or goods herein as due, or received an [sic] security or satisfaction for which credit has not already been given.
 5. That the Plaintiff keeps regular books of account and that the keeping of said books of account is in the charge of or under supervision of the undersigned affiant. The entries in said books of account are made in the ordinary course of business. Said entries show the Defendant is indebted to the Plaintiff in the manner and amount set forth herein.
 6. That I have made diligent inquiry to determine if the defendant is in the military service of the United States of America, and have determined that defendant is not in such military service and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.
 {¶ 4} On July 7, 2006, appellant filed a motion seeking a definite statement pursuant to Civ. R. 12(E). In support of the motion, appellant argued that appellee failed to attach a copy of the itemized account to the complaint. Appellant argued that if the complaint set forth the existence of an oral agreement, appellee should have been required to set forth in the complaint specific information regarding formation of the oral agreement. Appellant also argued that appellee should be required to provide a copy of the account, a copy of the financial services agreement alleged in the complaint, and a copy of the assignment agreement between appellee and Chase Bank. On July 28, 2006, appellant filed a motion entitled "motion for declaratory judgment on the pleadings * *Page 4 
* *" essentially reiterating the arguments set forth in the motion for definite statement, and specifically alleged appellee's failure to comply with Civ. R. 10(D). This motion included specific "rebuttals" to each of the counts alleged in the complaint. The trial court overruled both motions by entry dated August 2, 2006.
 {¶ 5} On August 17, 2006, appellant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted or, alternatively, for a definite statement. This motion reiterated the arguments previously set forth. On September 8, 2006, appellant filed a motion seeking dismissal based on lack of personal and subject matter jurisdiction, again reiterating the arguments previously set forth. The trial court overruled both motions by entry dated October 5, 2006.
 {¶ 6} On October 16, 2006, appellant filed an answer to the complaint, which included a counterclaim claiming violation of a variety of federal laws, including the Truth in Lending Act, the Fair Credit Billing Act, the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act. Appellant claimed damages in an amount exceeding $20,000.
 {¶ 7} On November 29, 2006, with leave from the trial court, appellee filed a motion for summary judgment. Appellee argued that summary judgment was appropriate based on requests for admissions deemed admitted by appellant's failure to respond to them. Appellee subsequently filed a motion seeking dismissal of the counterclaim because the damages sought exceeded the municipal court's monetary jurisdiction. On November 2, 2007, by separate entries, the trial court granted appellee's motion for summary judgment and motion to dismiss appellant's counterclaim.
 {¶ 8} Appellant filed this appeal, alleging three assignments of error: *Page 5 
 I. PLAINTIFFS APPELLEES [sic] APPEAR[S] TO HAVE FAILED TO ESTABLISH ANY BASIS FOR THE RELIEF REQUESTED WITHIN THE PROVISIONS OF THE RULES OF CIVIL PROCEDURE FOR THE STATE OF OHIO PURSUANT TO WHICH THEIR ACTION IS BROUGHT.
 II. THE CONDUCT OF THE TRIAL COURT IN ALLOWING THIS CASE TO PROCEED AGAINST MR. CARSON APPEARS TO VIOLATE THE PUBLIC POLICY OF THE STATE OF OHIO AND THE RULE OF LAW, THEREFORE PLAINTIFFS [sic] SHOULD BE [OVERRULED] AND THE RESULTING JUDGMENT SHOULD BE SET ASIDE.
 III. THE TRIAL COURT APPEARS TO HAVE COMMITTED PREJUDICIAL ERROR AND ABUSE OF DISCRETION WHEN IT DISMISSED THE COUNTERCLAIM OF MR. CARSON WITH PREJUDICE, WITHOUT THE SPECIFIED SEVEN DAY NOTICE, SEEMINGLY ADVERSE TO HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE RESPECTIVE STATE AND FEDERAL CONSTIIUTIONS [sic].
 {¶ 9} For ease of discussion, we will address the assignments of error out of order. In his second assignment of error, appellant essentially assigns as error the trial court's decision to allow the action to proceed by denying his motion for definite statement. Appellant argued in the motion for definite statement that appellee failed to attach certain documents to the complaint, thereby failing to comply with Civ. R. 10(D)(1).
 {¶ 10} Civ. R. 10(D)(1) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Generally, the failure to comply with Civ. R. 10(D)(1) is addressed through a motion for definite statement, pursuant to Civ. R. 12(E), that, if granted, results in the trial court ordering the filing of an amended complaint. See Natl. Check Bur. v.Buerger, Lorain App. No. 06CA008882, 2006-Ohio-6673. *Page 6 
Appellant argued in his motion that appellee failed to attach a copy of the account, a copy of the financial services agreement alleged in the complaint to exist between appellant and appellee, and a copy of the agreement by which Chase Bank assigned the credit card account to appellee.
 {¶ 11} Initially, we note that the assignment agreement between Chase Bank and appellee was not the foundation for the claims against appellant, but was instead the foundation for appellee being the real party in interest for purposes of bringing the action. Appellee could not prevail on the claims assigned by the bank without proving the existence of a valid assignment agreement. Natl. Check Bur., Inc. v.Cody, Cuyahoga App. No. 84208, 2005-Ohio-283, citing Zwick Zwick v.Suburban Constr. Co. (1956), 103 Ohio App. 83, 84, 74 Ohio Law Abs. 183,134 N.E.2d 733. However, for purposes of pleading, it was sufficient that the complaint alleged that the account had been assigned to appellee. Consequently, failure to attach a copy of the assignment agreement to the complaint did not implicate Civ. R. 10(D)(1).
 {¶ 12} Likewise, failure to attach the alleged financial services agreement between appellant and appellee did not implicate Civ. R. 10(D)(1). The complaint alleged that the financial services agreement was an oral contract. As with the assignment agreement, appellee could not prevail without proving the existence of the oral financial services agreement, but, for purposes of pleading, asserting the existence of the agreement was sufficient.
 {¶ 13} The issue then is whether appellee complied with the Civ. R. 10(D)(1) requirement that a copy of the account upon which the action was founded be attached to the complaint. Generally, for purposes of Civ. R. 10(D)(1): *Page 7 
 [A]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.
Asset Acceptance Corp. v. Proctor, 156 Ohio App.3d 60, 2004-Ohio-623,804 N.E.2d 975, at ¶ 12, quoting Brown v. Columbus Stamping Mfg.Co. (1967), 9 Ohio App.2d 123, 126, 38 O.O.2d 143, 223 N.E.2d 373. It is not necessary that every transaction that has transpired between the parties be included. Am. Express Travel Related Serv. v. Silverman, Franklin App. No. 06AP-338, 2006-Ohio-6374, citing Wolf Automotive v.Rally Auto Parts, Inc. (1994), 95 Ohio App.3d 130, 641 N.E.2d 1195.
 {¶ 14} Ohio courts have recognized that the Civ. R. 10(D)(1) requirement may be satisfied even where documents attached to a complaint do not strictly meet the definition of an account.Creditrust Corp. v. Richard, Clark App. No. 99-CA-94, 2000 Ohio App. LEXIS 3027 (one year's worth of monthly credit card statements and a "customer account statement" prepared by assignee setting forth name of debtor, balance at time of assignment, list of debits and credits, and a summary of the account sufficient to comply with rule); Capital One Bankv. Nolan, Washington App. No. 06CA77, 2008-Ohio-1850 (credit card agreement and two monthly credit card statements sufficient); Natl.Check Bur. v. Cody, supra (seven monthly credit card statements and part of cardholder agreement sufficient); Natl. Check Bur. v. Buerger, supra (six years of credit card statements sufficient). However, at least one appellate court has held that an affidavit attached to the complaint is not sufficient to comply with Civ. R. 10(D)(1), even where *Page 8 
affidavit set forth the debtor's name, the amount due, the contracted interest rate, the delinquency date, and the account number. Capital OneBank v. Toney, Jefferson App. No. 06 JE 28, 2007-Ohio-1571.
 {¶ 15} We agree with those courts that have held that compliance with Civ. R. 10(D)(1) can be achieved by attaching documents that do not strictly constitute a statement of account. However, in this case, the affidavit appellee attached to the complaint did not make any reference to the account number upon which appellee sought to collect, nor did appellee attach any documents, such as monthly credit card statements or the credit card agreement between appellant and Chase Bank, to the complaint. Consequently, the affidavit was not sufficient to place appellant on notice of the account upon which appellee's complaint was based for purposes of Civ. R. 10(D)(1), and the trial court erred when it denied appellant's motion for a more definite statement.
 {¶ 16} Appellee points out that in its complaint it asserted claims other than the claim for an account that would not have required compliance with Civ. R. 10(D)(1). However, it is not necessary for us to address this argument. Although appellee's complaint asserted claims for quantum meruit, unjust enrichment, and breach of an oral contract for financial services, it is clear that appellee's motion for summary judgment and the trial court's judgment were based on appellee's claim on an account, and not on any of the other causes of action. Therefore, appellee's compliance with Civ. R. 10(D)(1) for purposes of that claim is the only issue before us.
 {¶ 17} For the above stated reasons, appellant's second assignment of error is sustained, and this case is remanded with an instruction for the trial court to order appellee to file an amended complaint that complies with Civ. R. 10(D)(1). Because all *Page 9 
further proceedings must necessarily be based on appellee's amended complaint, appellant's first and third assignments of error are overruled as moot.
 {¶ 18} Consequently, we sustain appellant's second assignment of error, overrule the remaining assignments of error as moot, and remand this case for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; cause remanded.
PETREE and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1