OPINION *Page 2 
{¶ 1} Defendant-appellant Clifford H. Eagleson appeals the August 3, 2007 Judgment Entry of the Cambridge Municipal Court entering judgment in favor of Plaintiff-appellee National City Bank in the amount of $8,230.27, with interest.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 20, 2004, Appellant borrowed $8,950.00 from National City Bank. The promissory note executed by Appellant provided Appellant would repay the money owed in forty-eight monthly payments. Appellant made his last payment on February 7, 2005. Appellant submits he tendered payment in full with an "international money order which is payable through the internet", but the payment was dishonored. Appellant admits he did not pay any sum of money to obtain the money order. The amount due on the note as of July 25, 2007 was $8,389.70.
 {¶ 3} On November 27, 2006, National City Bank filed a complaint against Appellant for the outstanding balance on the promissory note. On December 18, 2006, Appellant filed an answer.
 {¶ 4} The matter proceeded to a bench trial on July 26, 2007. Following the bench trial, the magistrate issued a decision in favor of National City Bank. Appellant did not request findings of fact or conclusions of law, nor did he file objections to the magistrate's decision. On August 3, 2007, the trial court adopted the magistrate's decision.
 {¶ 5} Appellant now assigns as error: *Page 3 
 {¶ 6} "I. THE LOWER COURT ERRED IN AWARDING JUDGMENT IN FAVOR OF PLAINTIFF/APPELLEE AS PLAINTIFF/APPELLEE DID NOT MEET ITS BURDEN OF PROOF THAT THE ALLEGED DEBT HAD NOT BEEN DISCHARGED."
 {¶ 7} Ohio Civil Rule 53(D) states:
 {¶ 8} "(b) Objections to magistrate's decision.
 {¶ 9} (i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ. R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.
 {¶ 10} "* * *
 {¶ 11} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 12} As noted above in the statement of the facts and case, Appellant did not object to the magistrate's decision. Neither did Appellant request findings of fact and/or conclusions of law. Accordingly, pursuant to Civ. R. 53, Appellant has waived his right to assign error to the trial court's judgment. *Page 4 
 {¶ 13} Payment of the amount owed is an affirmative defense which must be proved by the Appellant. Asset Acceptance Corp. v. Proctor (2004),156 Ohio App.3d 60. At trial, National City presented witness testimony the "international money order" was rejected as payment of the amount owed. Appellant did not introduce evidence as to the "international money order," and conceded he did not pay any funds for the same.
 {¶ 14} Appellant's sole assignment of error is overruled. By: Hoffman, P.J. Edwards, J. concurs Gwin, J. dissents *Page 5