[Cite as *Capital One Bank v. Truss*, 2019-Ohio-3290.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA) | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-122 |
| | : | |
| v. | : | Trial Court Case No. 2017-CVF-3207 |
| | : | |
| GARY TRUSS | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . .

ABBEY GUDOWSKI-DEMARAIS, Atty. Reg. No. 0097458 and GREGORY DYE, Atty. Reg. No. 0069642, P.O. Box 5016, Rochester, Michigan 48308
    Attorneys for Plaintiff-Appellee

WILLIAM D. BELL, SR., Atty. Reg. No. 0027596, 830 Main Street, Suite 604, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Gary Truss appeals the Clark County Municipal Court's entry of summary judgment for Capital One Bank (USA), N.A. on the bank's claim on an account. Finding no error, we affirm.

### I. Facts and Procedural History

{¶ 2} On October 6, 2017, Capital One filed suit against Truss to collect the outstanding balance that he owed on his credit card.

{¶ 3} The bank moved for summary judgment on its claim on account. In support, the bank presented a credit-card application signed by Truss, dated November 20, 2008; Capital One's Customer Agreement, containing the terms of the credit-card account; every account statement sent to Truss, from January 2009 through November 2015, when the account was charged-off; the affidavits of two of the bank's litigation-support specialists; and Truss's post-charge-off payment history. The final account statement showed a balance of $1,831.49, and the post-charge-off payment history showed that Truss made payments totaling $1,058.49, for an outstanding balance of $773.00.

{¶ 4} Truss filed a brief in opposition to summary judgment as well as his own motion for summary judgment arguing that the bank's evidence failed to establish the existence of an account. Truss presented no affidavit or other evidence of his own.

{¶ 5} On November 2, 2018, the trial court granted the bank's motion and entered summary judgment for the bank. The court concluded that the bank's evidence plainly establishes that Truss owed the bank $773 and that Truss did not present any evidence that created a genuine issue as to that fact.

{¶ 6} Truss appeals.

### II. Analysis

{¶ 7} Truss presents two assignments of error for our review.

**A. The bank established an account.**

{¶ 8} The first assignment of error alleges:

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF ON AN ACCOUNT FOR WHICH THE BALANCE OWED WAS NOT ESTABLISHED.

{¶ 9} "Because an action on an account is founded upon contract, the plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account. In order to adequately plead and prove an account, '[a]n account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.' " (Citation omitted.) *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, ¶ 12 (4th Dist.), quoting *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 126, 223 N.E.2d 373 (10th Dist.1967).

{¶ 10} Truss argues that the bank did not provide a full and complete accounting for the debt that it claimed he owed. Truss is simply incorrect. The account statements showed a beginning balance of zero and listed each debit and credit to the account from the date the account was opened through the charge-off date. Each statement contained

the previous balance due and the current balance due and listed all debits and credits to form a running balance from the previous amount to the current amount. This arrangement permitted the calculation of the balance that the bank claimed was due. Truss did not present any evidence that conflicted with the information in the account statements.

{¶ 11} The first assignment of error is overruled.

## B. Summary judgment for the bank was appropriate.

{¶ 12} The second assignment of error alleges:

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF.

{¶ 13} "Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). "The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party 'may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.' " *Byrd* at ¶ 10, quoting Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

**{¶ 14}** Truss argues that the bank's failure to provide a complete accounting created genuine issues of material facts. But we have concluded that the bank did provide an accounting, which established an account that satisfied the bank's initial burden to show that no genuine issue existed. Truss failed to present any evidence setting forth specific facts showing that there was a genuine issue for trial, supporting his opposition with only conclusory allegations. Because Truss failed to satisfy his reciprocal burden, and because summary judgment was appropriate, the trial court properly granted the bank summary judgment.

**{¶ 15}** The second assignment of error is overruled.

### III. Conclusion

**{¶ 16}** We have overruled both of the assignments of error presented. Therefore the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Abbey Gudowski-DeMarais
Gregory Dye
William D. Bell, Sr.
Hon. Denise L. Moody