DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rebecca Bies, appeals the decision of the Summit County Court of Common Pleas entering judgment in accordance with the jury's verdict, which found in her favor on two causes of action, yet awarded no damages. Cross-Appellant, Huntington National Bank, appeals the trial court's decision denying its motion for summary judgment. We affirm the decision of the trial court.
 {¶ 2} On January 20, 2004, Appellant filed a complaint alleging breach of contract, conversion, and bailment against Huntington National Bank and John Lance Ford. The case proceeded to trial by jury. After deliberation, the jury found in favor of Appellant and against Huntington National Bank on the issues of conversion and breach of contract. The jury further found in favor of Appellee/Cross-Appellant Huntington National Bank on its counterclaim for breach of contract. After the trial judge sent the jury back to determine damages, the jury awarded damages of $0 on each claim.
 {¶ 3} Appellant now appeals, asserting a single assignment of error for our review. Appellee/Cross-Appellant asserts one assignment of error as well.
 ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in not awarding damages to [Appellant]"
 {¶ 4} In her only assignment of error, Appellant argues that the trial court erred in not awarding damages to her. Appellee maintains that because Appellant did not raise the issue of damages before the trial court entered judgment, she waived her right to assert the issue before this Court. We agree with Appellee and find that Appellant waived her right to bring the issue on appeal.
 {¶ 5} "[A]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, 117. In the case at hand, after deliberations, the jury came back with its verdict and failed to award any damages; the lines for damages on the interrogatories were left blank. The trial court instructed the jury "to go back and award damages * * * according to the [given jury] instructions[.]" The jury then came back with a damage award of $0 written in the proper place on the interrogatories.
 {¶ 6} Appellant neither objected to the jury instructions when the jury originally left to deliberate nor when the trial court judge sent the jury back to assess damages. Appellant did not raise any type of objection when the jury came back with a damage award of $0. As Appellant did not bring any objection or complaint regarding the damage award in front of the lower court, she waived her right to assert any such error on Appeal. Appellant's assignment of error is, therefore, overruled.
 CROSS-APPELLANT'S ASSIGNMENT OF ERROR
"The trial court erred in denying Appellee's motion for summary judgment."
 {¶ 7} In Cross-Appellant's (Huntington National Bank) sole assignment of error, it claims that the trial court erred by not granting its motion for summary judgment. We disagree.
 {¶ 8} Huntington National Bank filed its motion for summary judgment in March of 2005. The trial court did not rule on the motion before trial, which commenced at the end of March, 2005. Typically, if a trial court fails to rule on a pending motion prior to entering judgment, it will be presumed on appeal that the motion in question was implicitly denied. Lorence v.Goeller, 9th Dist. No. 04CA008556, 2005-Ohio-2678, at ¶ 47.
 {¶ 9} As a general rule, the denial of a motion for summary judgment is not a final, appealable order. Fraternal Order ofPolice, Akron Lodge No. 7 v. City of Akron, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶ 5. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v.Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citingChef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. R.C. 2505.02(B)(1) provides that a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 10} The denial of Huntington National Bank's motion for summary judgment did not determine the action or prevent a judgment, as R.C. 2505.02 requires for an order to be final and appealable. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Thus, we lack jurisdiction to review the trial court's order denying summary judgment. Id.
 {¶ 11} Furthermore, even if the trial court did err in denying Cross-Appellant's motion for summary judgment, after a trial on the issues was held, any such error would have been harmless. Miller v. Lindsay-Green, Inc., 10th Dist. No. 04AP-848, 2005-Ohio-6366, at ¶ 31. Any error a trial court may have made in denying a motion for summary judgment "is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, at syllabus. See, also, Graham v.Pavarini (1983), 9 Ohio App.3d 89, paragraph three of the syllabus, ("[a]ny error by the denial of a summary judgment is rendered moot or harmless" where the evidence presented at a subsequent trial demonstrates that opposing party presented genuine issues of material fact which led to a judgment in that party's favor). Even if the motion for summary judgment had merit when it was denied, any error in denying such motion is moot when a subsequent trial ensues and judgment is entered in favor of the opposing party. Sanders v. Mt. Sinai Hospital (1985),21 Ohio App.3d 249, 256.
 {¶ 12} In conclusion, not only do we lack jurisdiction to address Cross-Appellant's claim that the trial court erred in denying its motion for summary judgment, but even if we were to find that the trial court erred, any such error would be moot as a trial on the issues was held and judgment was entered in favor of Appellant. For the above reasons, we overrule Cross-Appellant's assignment of error.
 {¶ 13} Appellant and Cross-Appellant's assignments of error are overruled and the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
Moore, J., Reader, J., Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)