DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, National Check Bureau, appeals from the judgment of the Lorain County Court of Common Pleas dismissing its complaint for failure to state a claim upon which relief can be granted. This Court reverses.
 I. {¶ 2} On May 23, 2005, Appellant filed a complaint against Appellee, Dorothy Buerger, seeking to recover an alleged debt of $4,336.10, due on a Citibank credit card account ("account"). The account was opened on October 1, 1988. The account was charged off[1] on November 26, 2003, with a remaining balance of $3,329.80. To arrive at the sum alleged in its complaint, Appellant added interest accrued at a rate of 19.99% to the amount owed when the account was charged off. Appellant purchased the debt from Citibank after it had been charged off. Appellant's complaint asserted three theories upon which it claimed it was entitled to recover the debt: 1) breach of contract, 2) money due and owing on an account, and 3) quantum meruit and/or quasi-contract. Appellant attached an unsigned standard form Citibank Card Agreement ("Agreement") from 1999 to the complaint.
 {¶ 3} On October 6, 2005, Appellee filed a motion for a more definite statement, alleging that Appellant violated Civ.R. 10(D) by failing to attach the necessary documents containing the essential terms of the contract and the documents on which the claim was predicated. Appellee asserted that Appellant was required to attach a copy of the credit card account and a folder referenced in the 1999 Agreement containing important account information, including the annual percentage rate for purchases and the applicable periodic rate upon which the APR was based. Appellant filed a response requesting that the trial court deny the motion, stating that it had already attached and filed the Agreement governing the account. Appellant further stated that it had requested credit card statements from Citibank, the original creditor, and would provide them when it received them. A copy of the "electronically transmitted account information" was attached to Appellant's response. According to the account information, the account was opened on October 1, 1988, the last activity date was on May 7, 2003, the account was charged off on November 26, 2003 with a balance of $3,329.80, and the interest rate was 19.99%.
 {¶ 4} On October 14, 2005, the trial court granted Appellee's motion and ordered Appellant to submit the requested documents.
 {¶ 5} On November 18, 2005, Appellant filed credit card statements from November 25, 1998 through November 26, 2004. The balance on the November 25, 1998 statement showed a beginning balance of $1,158. Appellant did not file the supplemental folder referenced in the Agreement. Appellant did not explain why the folder was omitted.
 {¶ 6} On December 19, 2005, Appellee filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim, arguing that without the complete agreement setting forth the terms agreed to between Appellant's predecessor and Appellee in the extension of credit, Appellant could not prove its claims. Appellant responded to the motion to dismiss on December 27, 2005, explaining that the original creditor did not keep documents for more than six or seven years and therefore, they could not be produced. On January 17, 2006, Appellee filed a reply to Appellant's response to her motion to dismiss, stating again that the Agreement attached to the complaint did not authorize the varying finance charges reflected in the statements, and due to Appellant's failure to file the referenced folder, as ordered by the trial court, it was not entitled to recover the finance charges. On January 31, 2006, the trial court granted Appellee's motion to dismiss. Appellant filed a timely notice of appeal, raising two assignments of error for our review[2].
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DISMISSING [APPELLANT'S] CLAIM FOR BREACH OF CONTRACT[.]"
 {¶ 7} In its first assignment of error, Appellant argues that the trial court erred in dismissing its claim for breach of contract. We agree.
 {¶ 8} "This court reviews a trial court's decision to grant a motion to dismiss de novo. Under the de novo standard of review, we give no deference to the trial court's legal conclusions." State v.Zimmerman, 9th Dist. No. 23089, 2006-Ohio-6004, at ¶ 5. Further, we look to determine "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548.
 {¶ 9} In ruling on a Civ.R. 12(B)(6) motion, the trial court should not dismiss the complaint because it doubts the plaintiff will win on the merits. Slife v. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179,182. "Whether the plaintiff can prevail is a matter properly determined by the proof and not the pleadings." Id. Therefore, the ruling must test only the sufficiency of the complaint. Id. at 186. It appears that the trial court did not apply this standard, as we read the judgment entry. Rather the look looked beyond the factual allegations of the complaint and to determine that Appellant does not have the right kind of proof to support his allegations. The trial court noted that:
 "plaintiff still has not provided defendant with the necessary documentation for the rates at issue. As plaintiff freely admits, any paperwork resolving the issue of the appropriate APR and other applicable financing disclosures simply does not appear to exist at this time. As plaintiff bears the burden of establishing the reality of its claims, plaintiff does not have the present ability to do so. This absence of key data completely undercuts plaintiff's claims to relief under any theory of recovery proffered in the complaint."
 {¶ 10} While Appellant's failure to attach the supplemental folder containing the rates at issue is a violation of Civ.R. 10(D), this does not mean that Appellant did not state a claim under Civ.R. 12(B)(6). For the reasons set forth below, we find that because Appellant could prove a set of facts entitling it to the requested relief, in spite of the Civ.R. 10(D) violation, the trial court erred in dismissing the complaint for failure to state a claim.
 {¶ 11} This Court would first note that a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), a motion for a more definite statement pursuant to Civ.R. 12(E), and the requirement to attach the written contract to the complaint when the claim is founded on that written contract under Civ.R. 10(D) are all separate and distinct procedural rules under the Ohio Civil Rules. A violation of one is not necessarily indicative of a violation of another.
 {¶ 12} The issue before this Court is whether Appellant stated a claim for breach of contract in its complaint. We conclude that it was improper for the trial court to grant Appellee's Civ.R. 12(B)(6) motion as it appears its only reasoning to do so was because the contract referred to and incorporated an attachment which was not provided to the trial court. McCamon-Hunt Insurance Agency, Inc. v. Medical Mutual ofOhio, 7th Dist. No. 02 CA 23, 2003-Ohio-1221, at ¶ 1. "The failure to provide that document is a violation of Civ.R. 10(D), however, it is not a basis for relief under Civ.R. 12(B)(6)." Id.
 {¶ 13} In the instant case, Appellant neglected to attach a folder referenced in the Agreement containing information on annual percentage rates. According to Civ.R. 10(D)(1):
 "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."
 {¶ 14} "Where a writing is attached to the complaint pursuant to Civ.R. 10(D), dismissal under Civ.R. 12(B)(6) is proper only when the language of the writing precludes any possibility of recovery by the plaintiff." Mesek v. Roberts Communications, Inc., 9th Dist. No. 22968,2006-Ohio-3339, at ¶ 15. Therefore, the central issue in our analysis involves the interpretation of the Agreement, and whether the attached document is necessary as it is the only way Appellant could prove its claim for breach of contract. The Agreement provided to the trial court refers to a supplement folder containing the daily periodic rate and incorporates the terms of that attachment into the Agreement. However, that attachment was not provided to the trial court. "Because the attachment is a part of the underlying agreement, [Appellant] should have attached a copy of that attachment to the agreement to its complaint pursuant to Civ.R. 10(D)." McCamon-Hunt, at ¶ 12. Therefore, Appellant has failed to follow Civ.R. 10(D). However, as stated above, this is not an appropriate basis for a ruling under Civ.R. 12(B)(6). "The proper procedure in attacking the failure of a plaintiff to attach a copy of a written instrument or to state a valid reason for his failure to attach same is to serve a motion for a definite statement, pursuant to Civ.R. 12(E)." Point Rental Co. v. Posani (1976),52 Ohio App.2d 183, 186. In the present case, Appellee filed a motion for a more definite statement and Appellant complied in part, but still did not file the supplement folder Appellee sought. Regardless, "[i]n the event a party fails to obey the order of the court, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ.R. 41(B)(1)." Id. It does not follow that because Appellant violated Civ.R. 10(D), its complaint did not state a claim upon which relief could be granted.
 {¶ 15} A finding of a Civ.R. 12(B)(6) motion to dismiss must be accompanied by an analysis concluding that Appellant could prove no set of facts entitling it to the requested relief or, as a written contract was attached, "the complaint and the written instrument on their face show to a certainty some insuperable bar to relief as a matter of law."McCamon-Hunt, at ¶ 10. Finally, the trial court was required to presume all factual allegations as true and view all reasonable inferences in the light most favorable to Appellant. The trial court "must assume the missing attachment would entitle [Appellant] to relief." Id. at ¶ 13. It appears the trial court's basis for dismissal was the failure to attach the supplement folder. Therefore, we find the trial court did not apply the proper standard outlined above.
 {¶ 16} As the standard of review of a motion to dismiss is de novo, we will conduct our own review to determine if the motion to dismiss was proper due to Appellant's failure to state a claim for breach of contract.
 {¶ 17} "With regard to the appellants' breach of contract claim, such a claim is generally pleaded by stating the terms of the contract, the performance by the plaintiff of his obligation, the breach by the defendant, consideration and damages." Cairns v. Ohio Sav. Bank (1996),109 Ohio App.3d 644, 647. In its complaint, Appellant alleged, in relevant part that:
 "5. Citi Bank, whose credit card issued under the name of CITIBANK is the subject of this action, assigned all rights to Plaintiff in the matter herein including but not limited to those rights associated with this action.
 "6. Plaintiff states that by use of the credit card * * * Defendant became bound by the terms and conditions of the Credit Card Agreement, a copy of which is attached hereto as Exhibit A and incorporated into this complaint.
 "7. Defendant * * * used said Credit Card to purchase goods and/or services, and/or to make cash advances.
 "8. Plaintiff further states that Defendant is in breach of contract by failing to make payments in the amount satisfactory to comply with the credit card and/or revolving credit Agreement.
 "9. Plaintiff further states that Defendant owes Plaintiff $3329.80 plus interest at the rate of 19.99% from 11/26/2003 in the amount of $1006.30 for a total of $4336.10."
 {¶ 18} We find that Appellant pled the essential elements of breach of contract. The complaint shows that Appellant's assignor extended credit to Appellee, Appellee used that credit and failed to repay Appellant under the terms of the attached Agreement. Assuming, as we must, that the supplement folder provides a method to calculate the damages that it seeks, we find Appellant has validly pled a claim for breach of contract. Therefore, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN DISMISSING [APPELLANT'S] CLAIM FOR ACCOUNT STATED[.]"
 {¶ 19} In Appellant's second assignment of error, it claims that the trial court erred in dismissing its claim for account stated. We agree.
 {¶ 20} We begin by noting that Appellant uses "account stated" and "action in account" interchangeably. However, as Appellant conceded in its reply brief, these are two distinct legal terms. We find Appellant's argument to be one involving an action on an account rather than an account stated. As stated above, we also review Appellant's second assignment of error de novo.
 {¶ 21} "[A]n action on an account is founded upon contract," and as such, Appellant "must prove the necessary elements of a contract action[.]" Asset Acceptance Corp., v. Proctor, 156 Ohio App.3d 60,2004-Ohio-623, at ¶ 12. Additionally, Appellant "must prove that the contract involves a transaction that usually forms the subject of a book account." Id. To properly plead an action on account, Appellant must attach a copy of the account to the complaint in accordance with Civ.R. 10(D). Creditrust Corp. v. Richard (July 7, 2000), 2d Dist. No. 99-CA-94, at *3. Further, the attached
 "'account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items dated and identifiable by number or otherwise, representing charges or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculations of the balance claimed to be due.'" Asset Acceptance Corp., 156 Ohio App.3d at ¶ 12, quoting Brown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, 126 (discussing R.C. 2309.32, which has been replaced by Civ.R. 10(D)).
 {¶ 22} As stated above, we find Appellant has stated a claim for breach of contract. This leaves us to determine if Appellant further properly pled the action on account by attaching the necessary documents with information required to "prove that the contract involves a transaction that usually forms the subject of a book account." AssetAcceptance Corp., 156 Ohio App.3d at ¶ 12. We find that it did.
 {¶ 23} In the present case, Appellant attached six years of credit card statements to the complaint. Each statement contains Appellee's name and represents charges, debits, and credits, in accordance with the above pleading requirements. The earliest statement filed, dated November 25, 1998, shows a previous balance of $1,158.77. The last statement, dated November 26, 2004, shows a balance of $4,098.76. The account was charged off on November 26, 2003, with a remaining balance of $3,329.99. It is the November 26, 2003 statement that Appellant utilizes to determine the amount owed as stated in its complaint.
 {¶ 24} In its journal entry, the trial court found that because Appellant could not provide a zero starting balance for a credit card account, then it had no right to relief. Essentially, the trial court found that Appellant did not plead a "sum recited that can qualify as an account stated," or at least a provable sum. Id. An account stated is defined as:
 "'an agreed balance of accounts, expressed or implied, after admission of certain sums due or an adjustment of the accounts between the parties, striking a balance, and assent, express or implied. It has also been defined as an agreement between parties, express or implied, based upon an account balanced and rendered, and as an agreement between parties between whom there has been an account. An account stated is predicated upon prior transactions which create a debtor-creditor relationship between the parties to the account. An account stated exists: only where accounts have been examined and the balance admitted as the true balance between the parties, without having been paid. In other words, an account stated is based upon an assent to its correctness. This assent may be expressed or implied from the circumstances.'" Creditrust Corp., at *5, quoting 1 Ohio Jurisprudence 3d (1998) Accounts and Accounting, Section 24.
 {¶ 25} Appellant argues that the $1,158.00 balance shown on the November 25, 1998 statement constitutes a provable sum and therefore, the action on the account is valid. Appellant alleges that the balance is a provable sum because Appellee never contested the statement balance when she received the statements in accordance with the credit card agreement.
 "An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated. It becomes the duty of the one to whom the account is thus rendered to examine the same within a reasonable time and object if he or she disputes its correctness. What constitutes a reasonable time within which objection must be made to an account rendered in order to preclude a presumption of assent and, thus, prevent it from becoming an account stated, depends on the particular factors of each case, such as the nature of the transaction, the relations of the parties, their distance from each other and the means of communication between them, and their business capacity and intelligence." Id.
 {¶ 26} In Creditrust Corp. v. Richard, a factually analogous case, the plaintiff filed a Customer Account Statement with the complaint and subsequently filed monthly statements at trial. Id. at *1-2. The Customer Account Statement showed a starting balance due of $6,065.73. The Second District Court of Appeals determined that the beginning balance stated on the Customer Account Statement could not qualify as an account stated on the basis that it was a provable sum established by the monthly statements entered into evidence because the plaintiff was unable to produce all of the monthly statements showing the charges, debits, and credits that would permit the calculation of the balance due. However, the court further concluded that the balance stated on the final statement sent to the defendant as well as the balance listed on the Customer Account Statement "constitute[d] an account stated and, therefore, qualifie[d] as a provable sum." Id. at *4. The court found that the Customer Account Statement the plaintiff attached to its complaint complied with the requirements of Civ.R. 10(D) and that the plaintiff established the necessary elements of an action on account. The court reasoned that because the defendant never objected to the amount alleged due on his monthly statements, he impliedly expressed his assent to the amount stated. Id. at *5. This failure, according to the Second District, rendered the account an account stated and thus, a provable sum.
 {¶ 27} We have stated that when considering Appellee's motion to dismiss, the trial court was required to presume all factual allegations true and to view all reasonable inferences in the light most favorable to Appellant. Upon review, we must assume that Appellee did not timely object to the account rendered by Appellant. Therefore, we find that Appellant properly pled an action on an account by pleading a sum recited that could qualify as an account stated and, as such qualifies as a provable sum. Accordingly, we sustain Appellant's second assignment of error.
 III. {¶ 28} Appellant's two assignments of error are sustained. This holding does not purport to address whether the documents before the trial court would be sufficient to defeat a motion for summary judgment pursuant to Civ.R. 56(C) or a motion for directed verdict at trial. Our holding in this case is limited to the documents before the trial court pursuant to a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). The judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
WHITMORE, P. J.
BOYLE, J.
CONCUR
[1] To charge off a debt is "[t]o treat (an account receivable) as a loss or expense because payment is unlikely, to treat as a bad debt." Black's Law Dictionary (8 Ed.Rev. 2004) 249.
[2] We note that Appellant did not challenge the dismissal as to its third cause of action, quantum meruit and/or quasi-contract. Therefore, we will not address this issue.