DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, First Merit Bank, N.A. ("First Merit"), appeals from the judgment in the Akron Municipal Court rendering judgment in favor of appellee Susan Wilson. This Court affirms.
 I. {¶ 2} On January 25, 1992, appellee and her husband, Richard S. Wilson ("the Wilsons"), applied for a joint Visa gold credit card with First Merit. By 2003, the Wilsons incurred charges that brought the total balance due to their credit limit. In May of 2003, First Merit closed the revolving credit on the card, preventing the Wilsons from incurring additional debt on their credit card. At the *Page 2 
same time, Mr. Wilson filed for bankruptcy, discharging all debts in his name. Appellee, however, did not file for bankruptcy. On April 28, 2006, appellant filed a complaint against appellee seeking to recover $6,686.06, due on the First Merit credit card account ("account"). At the time the complaint was filed, appellant alleged that the account had been delinquent in excess of 1,308 days.
 {¶ 3} Appellant filed a motion for summary judgment on July 3, 2006. The trial court denied appellant's motion for summary judgment and the matter proceeded to a bench trial. The trial court found that appellant failed to prove its claim by a preponderance of the evidence and entered judgment in favor of appellee.
 {¶ 4} Appellant timely appealed, setting forth four assignments of error for review. The assignments of error have been rearranged to facilitate our analysis.
 II. SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT APPELLANT FIRST MERIT HAD TO PRESENT EVIDENCE REGARDING EVERY PRIOR TRANSACTION THAT OCCURRED BETWEEN THE PARTIES TO MEET ITS BURDEN OF PROOF."
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT'S DECISION IN FAVOR OF APPELLEE SUSAN E. WILSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 {¶ 5} Appellant's second and fourth assignments of error challenge the trial court's judgment in favor of appellee. As they raise common and interrelated issues, we will address them together.
 {¶ 6} In its fourth assignment of error, appellant argues that the trial court's decision in favor of appellee was against the manifest weight of the evidence. Appellant argues in its second assignment of error that the trial court erred in holding that appellant had to present evidence regarding every prior transaction that occurred between the parties in order to meet its burden of proof. This Court disagrees.
 {¶ 7} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, the Supreme Court of Ohio adopted the standard of review as set forth by this Court in State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002. In doing so, the Supreme Court held that the standard of review this Court applied in Unrue is the civil manifest-weight-of-the-evidence standard set forth in CE. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus ("Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."). Wilson at ¶ 21. The Wilson Court further explained
 "We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. This presumption arises because the trial judge had an opportunity `to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of *Page 4 
the proffered testimony.' `A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'
 "[T]he standard in CE. Morris Co. tends to merge the concepts of weight and sufficiency. Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed. * * * Thus, the civil-manifest-weight-of-the-evidence standard affords the lower court more deference th[a]n does the criminal standard.
 "Under the civil standard, examining the evidence underlying the trial judge's decision is a prerequisite to determining whether the trial court's judgment is supported by some competent, credible evidence." (Internal Citations Omitted.) Id. at ¶¶ 24, 26, 40.
 {¶ 8} To properly plead an action on account, appellant must attach a copy of the account to the complaint in accordance with Civ .R. 10(D).Creditrust Corp. v. Richard (July 7, 2000), 2d Dist. No. 99-CA-94. Further, the attached
 "`account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items dated and identifiable by number or otherwise, representing charges or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculations of the balance claimed to be due.'" Asset Acceptance Corp. v. Proctor, 156 Ohio App.3d 60, 2004-Ohio-623 at ¶ 12, quoting Brown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, 126 (discussing R.C. 2309.32, which has been replaced by Civ.R. 10(D)). *Page 5 
 {¶ 9} An account stated is defined as:
 "`an agreed balance of accounts, expressed or implied, after admission of certain sums due or an adjustment of the accounts between the parties, striking a balance, and assent, express or implied. It has also been defined as an agreement between parties, express or implied, based upon an account balanced and rendered, and as an agreement between parties between whom there has been an account. An account stated is predicated upon prior transactions which create a debtor-creditor relationship between the parties to the account. An account stated exists: only where accounts have been examined and the balance admitted as the true balance between the parties, without having been paid. In other words, an account stated is based upon an assent to its correctness. This assent may be expressed or implied from the circumstances.'" Creditrust Corp., quoting 1 Ohio Jurisprudence 3d (1998) Accounts and Accounting, Sections 24, 26.
 {¶ 10} An account begins with either a zero balance or a sum that can qualify as an account stated which, in either event, should be a provable sum. AMF, Inc. v. Mravec (1981), 2 Ohio App.3d 29, 31. The balance is followed by items representing charges, or debits, and credits and a summary showing a running or developing balance. Id.
 {¶ 11} Appellant argues that the $6,668.63 balance shown on the June 5, 2003 statement constitutes a provable sum and therefore, the action on the account is valid. The trial court, however, found that appellant failed to prove its claim by a preponderance of the evidence.
 {¶ 12} In reaching its decision, the trial court found the following facts to be credible. Appellee and her husband applied for and received a Visa card from appellant in 1992. Appellee's husband was the exclusive user of the card and *Page 6 
appellee never incurred any charges on the account. There was no evidence in the record of any balance from 1992 to 1998. The evidence indicated that more payments were made on the account than charges incurred for the period beginning in 1998 until the account was turned over for collection. The record was void of any evidence to substantiate the interest rate claimed by appellant.
 {¶ 13} At trial, appellant admitted five years of credit card statements into evidence. Each statement contains appellee's name and represents charges, debits, and credits, in accordance with the above pleading requirements. The earliest statement filed, dated May 5, 1998, shows a previous balance of $5,945.27. The last statement, dated June 5, 2003, shows a balance of $6,668.63. The account was charged off on June 5, 2003, with a remaining balance of $6,668.63. It is the June 5, 2003 statement that appellant utilized to determine the amount owed as stated in its complaint.
 {¶ 14} Heather Nichols, a credit recovery officer for First Merit, testified on behalf of appellant at trial. Ms. Nichols testified that she oversees the items in collection. She stated that she maintains the records at First Merit with individual charges, credit agreements, etc., for each debtor. Ms. Nichols stated that the bank keeps the previous 84 monthly statements for each account as required by law. Ms. Nichols stated that for appellee's account, the statements go back to February 1998. Ms. Nichols verified exhibits containing monthly statements for appellee's *Page 7 
account through June 2003 when the account was transferred to her department for collection.
 {¶ 15} Ms. Nichols stated that there was a request for the monthly statements to be sent to an address other than the one listed on the application for credit. Later testimony revealed that the address was that of appellee's husband's business. However, Ms. Nichols did not indicate who requested that the statements be sent to that address.
 {¶ 16} Furthermore, Ms. Nichols was not able to testify as to the starting balance on the account, nor was she able to provide the terms and conditions for the account other than for the years 2002, 2003, and 2004.
 {¶ 17} Appellee also testified at trial. Appellee admitted that she was a joint applicant on the account, but stated that she never received a card and that she did not personally use the First Merit credit card. Further, appellee testified that she never saw any of the monthly statements for the account and had no knowledge of the charges incurred on and payments made to the account. When questioned regarding a Post It note that was placed on the Visa application which read: "mail all 1024 So. Arlington St. Akron 44366," appellant stated that the address on the Post It note was that of her husband's business.
 {¶ 18} In Creditrust Corp., the plaintiff filed a Customer Account Statement with the complaint and subsequently filed monthly statements at trial. Id. The Customer Account Statement showed a starting balance due of $6,065.73. *Page 8 
The Second District Court of Appeals determined that the beginning balance stated on the Customer Account Statement could not qualify as an account stated on the basis that it was a provable sum established by the monthly statements entered into evidence because the plaintiff was unable to produce all of the monthly statements showing the charges, debits, and credits that would permit the calculation of the balance due. However, the court further concluded that the balance stated on the final statement sent to the defendant as well as the balance listed on the Customer Account Statement "constitute[d] an account stated and, therefore, qualified] as a provable sum." Id. The court found that the Customer Account Statement the plaintiff attached to its complaint complied with the requirements of Civ.R. 10(D) and that the plaintiff established the necessary elements of an action on account. The court reasoned that because the defendant never objected to the amount alleged due on his monthly statements, he impliedly expressed his assent to the amount stated. Id. This failure, according to the Second District, rendered the account an account stated and thus, a provable sum.
 {¶ 19} Similarly, we decided in National Check Bureau v. Buerger, 9th Dist. No. 06CA008882, 2006-Ohio-6673, that a failure to timely object to an account rendered the account an account stated and thus, a provable sum. However, in Buerger, the appellee did not challenge the fact that she received the monthly statements. As such, we found that her failure to object to the amount *Page 9 
owed when she received the statements rendered the account a provable sum. Id. at ¶ 27.
 {¶ 20} Contrary to the facts in Buerger and Creditrust, the appellee in the instant case testified that she never had a charge card for the account in question, never incurred charges on the account and had no knowledge of the charges and payments made on the account. Testimony at trial revealed that the monthly statements were mailed to appellee's husband's work address rather than their home address. Therefore, this Court finds that the trial court's finding that appellant failed to prove its claim by a preponderance of the evidence is supported by some competent, credible evidence. CE. Morris Co., 54 Ohio St.2d at syllabus. Appellant's second and fourth assignments of error are overruled.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT GRANTING APPELLANT FIRST MERIT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT."
 {¶ 21} In its first assignment of error, appellant argues that the trial court erred by denying its motion for summary judgment. This Court disagrees.
 {¶ 22} The Ohio Supreme Court has held that
 "any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. v. Whittington (1994), 71 Ohio St.3d 150, 156.
 {¶ 23} The Supreme Court added: *Page 10 
 "We need not evaluate the evidentiary materials supporting and opposing the [party's] summary judgment motion on [the] issue. Any error in denying that motion is moot or harmless, even if it had merit when the court denied it. * * * We are also persuaded by the fact that courts throughout this country generally hold that the denial of a motion for summary judgment is not a point of consideration in an appeal from a final judgment entered following a trial on the merits. See, generally, Annotation, Reviewability of Order Denying Motion for Summary Judgment (1967), 15 A.L.R.3d 899, 922-925, and 1994 Supplement at 72-76." Id. See, also, Bies v. Huntington Natl. Bank, 9th Dist. No. 22660, 2005-Ohio-6981, at ¶ 11.
 {¶ 24} This Court, without determining whether the trial court committed any error in denying appellant's motion for summary judgment, need only determine whether genuine issues of fact were raised at trial. We find that there were.
 {¶ 25} This Court found in appellant's second and fourth assignments of error that the trial court properly found in favor of appellee. Accordingly, any error in denying appellant's motion for summary judgment was harmless. Appellant's first assignment of error is, therefore, overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO CONSIDER APPELLANT FIRST MERIT'S BREACH OF CONTRACT CLAIM."
 {¶ 26} In its third assignment of error, appellant argues that the trial court erred by refusing to consider its breach of contract claim. This Court disagrees.
 {¶ 27} "`[A]n action on an account is founded upon contract,' and as such, [Appellant] `must prove the necessary elements of a contract action[.]'" L.E. *Page 11 Sommer Kidron, Inc. v. Kohler, 9th Dist. No. 06CA0044, 2007-Ohio-885, at ¶ 12, quoting Asset Acceptance Corp. v. Proctor, 156 Ohio App.3d 60,2004-Ohio-623. See, also, National Check Bureau v. Buerger, 9th Dist. No. 06CA008882, 2006-Ohio-6673 at ¶ 21. The trial court's judgment entry states: "[T]he Court concludes that the Plaintiff has failed to prove its claim by a preponderance of the evidence." Appellant argues that by using the word "claim" rather than "claims", the trial court failed to consider whether it proved a breach of contract claim. However, by holding that the appellant failed to prove its action on account, the court in effect held that appellant failed to prove a cause of action for breach of contract. Id. Appellant's third assignment of error is overruled.
 III. {¶ 28} Appellant's assignments of error are overruled. The decision of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 12 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.