OPINION
{¶ 1} Plaintiff-appellant, Barry E. Weisbecker, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing property and awarding spousal support in a divorce case. We affirm in part, reverse in part, and remand.
 {¶ 2} Appellant ("Barry") and defendant-appellee, Sunday A. Weisbecker ("Sunday"), were married on June 11, 1973 in Hamilton, Ohio. The marriage produced four children, all emancipated by the time of this action. During the marriage, Barry's parents permitted Barry and his brother to construct separate residences on two parcels of property situated on the Weisbecker farm in Butler County. Barry and Sunday moved into one of these homes, located at 2549 South Wynn Road. Construction of the home, which was designed by Barry's architect father, lasted approximately seven years. The parties lived in this residence for 10 years. Barry did not acquire title to the marital residence until it was transferred to him following the death of his parents.
 {¶ 3} During the marriage, Barry was the primary wage earner and Sunday stayed at home to raise the children. The couple, unable to accumulate monetary savings over the years, filed bankruptcy in 1995. After the children were older, Sunday returned to work on a part-time and eventually a full-time basis. The couple began experiencing marital problems, and Sunday moved out of the home in January 2004.
 {¶ 4} On October 27, 2004, Barry filed a complaint in divorce on the grounds of incompatibility. Following a hearing, the trial court issued a decision dated August 24, 2005. The court filed its judgment entry and divorce decree on September 28, 2005. This appeal followed.
 {¶ 5} Appellate review of trial court determinations in domestic relations cases generally entails the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. This standard is employed in reviewing orders relating to spousal support, child custody, and division of marital property. Booth at 144. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) Id. We are mindful of these considerations in addressing the following assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT DETERMINED THAT THE DEFENDANT-APPELLEE HAD AN INTEREST IN THE MARITAL RESIDENCE."
 {¶ 8} Barry disputes the trial court's conclusion that Sunday retained an equitable interest in the marital residence entitling her to a distributive award in the amount of half the appraised value of the marital residence. Barry denies that the parties contributed labor or marital income to the construction of the home. Rather, he insists that the residence was planned, built, and funded by his father. In the absence of any contribution by the parties, Barry asserts that the residence was his separate property to which Sunday had no entitlement.
 {¶ 9} A trial court is required to establish what property is marital property and what property is separate property and equitably divide the property between the spouses in accordance with the provisions of R.C. 3105.171. R.C. 3105.171(B). The characterization of the parties' property is a factual inquiry and will not be reversed where supported by some competent, credible evidence. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159.
 {¶ 10} "Marital property" includes all real or personal property or interest in real or personal property that was acquired by either or both of the spouses during the marriage, as well as all income and appreciation on separate property resulting from the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage. R.C. 3105.171(A)(3)(a)(i) — (iii). Marital property is distributed either equally or equitably between the parties, subject to the circumstances and the discretion of the trial court. R.C. 3105.171(C)(1). Conversely, "separate property" includes any real or personal property or interest in real or personal property that was acquired by one spouse before the marriage, as well as inheritances. R.C. 3105.171(A)(6)(a)(i) — (ii). Separate property must be disbursed to its owner, unless the trial court chooses to make a distributive award from such property. R.C. 3105.171 (D). This may be done to "facilitate, effectuate, or supplement a division of marital property." R.C.3105.171(E)(1). See, also, Barkley at 166.
 {¶ 11} The trial court determined that income from the Weisbecker family business, a steel fabricating enterprise in which Barry held a one third share, was used to build the marital residence. Pursuant to the testimony of the couple regarding their dire financial position, the court determined that the business profits were the only source of monies to build the home. After considering the evidence, the trial court concluded that "[i]t is clear that the marital earnings of Barry and Sunday paid for the residence[.]"
 {¶ 12} In considering this issue, the court noted that Barry's parents never deeded the marital residence to the parties. Rather, the marital residence passed solely to Barry after the death of his parents. Consistent with the apparent intent of Barry's parents, the court declared that Barry was to retain free title to the marital residence. However, the court determined that a distributive award was the appropriate means to compensate Sunday for her equitable share in the marital residence. Accordingly, the court ordered Barry to pay Sunday the sum of $90,000 as representative of one half of the appraised value of the marital residence.
 {¶ 13} A review of the record reveals that the trial court's categorization of the residence as marital property was supported by competent, credible evidence. Exhibit O substantiates Sunday's claim that family funds were used to build the house, at least in part. This document, delivered to Sunday by Barry's mother, provides an accounting of expenses and monies used from the family steel business in building Barry's and his brother's houses. The duration of construction, seven years, also supports Sunday's assertion that the house was completed as profits were made available through the business.
 {¶ 14} Furthermore, evidence and testimony at the hearing showed that the home was built by Barry, his father, and his brother. Even if Barry's father performed the majority of the work, Barry admitted to aiding in the construction of the residence. Sunday testified that she and Barry personally undertook many of the improvements to the home, including landscaping and installation of a central vacuum system and water softener. When the efforts of either spouse contribute to the active appreciation of the asset, the increased value is characterized as marital property and subject to division.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 400-01. Here, the efforts of both spouses contributed to the construction of the house from top to bottom.
 {¶ 15} We conclude that the trial court did not abuse its discretion in finding the residence constituted marital property and in ordering a distributive award to Sunday representing half the value of the residence to compensate for her equitable interest in the marital residence.
 {¶ 16} Barry's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT ADMITTED DEFENDANT'S EXHIBIT O INTO EVIDENCE."
 {¶ 19} Barry insists that defense exhibit O was wrongly admitted because there was absolutely no evidence to authenticate it. He claims that he had never seen the document and did not recognize the handwriting on it as that of his mother.
 {¶ 20} The trial court has broad discretion in the admission or exclusion of evidence and, absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision.In re Brown, Athens App. No. 06CA3, 2006-Ohio-2865, ¶ 27. Evid.R. 901(A) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Such evidence may be supplied by the testimony of a witness with knowledge. Evid.R. 901(B)(1).
 {¶ 21} As stated, exhibit O was a document proffered by Sunday that demonstrated how much money from the family steel fabricating business was used to build the marital home. The exhibit was admitted over Barry's objection. The trial court stated that exhibit O strongly supported Sunday's assertion that income from the family business was used to build the marital residence. The court concluded that this family income "was the only source of monies they had to build the home, and was the reason that it took seven years for the home to be built."
 {¶ 22} We find no abuse of discretion in the trial court's admittance of exhibit O. The authentication requirement contemplated by Evid.R. 901(A) invokes a very low threshold standard, requiring only sufficient foundational evidence for the trier of fact to conclude that the item is what the proponent claims it to be. See Burns v. May (1999), 133 Ohio App.3d 351,355. This standard is less demanding than a preponderance of the evidence standard. Id.
 {¶ 23} Exhibit O was properly authenticated by Sunday. She testified that the exhibit was an accurate and true document given to the parties by Barry's mother. She and her sister-in-law received similar documents outlining how much money went to their respective marital residences and the sources of those funds. Sunday testified that the numerical data was generated by Barry's father and the document was typed by Barry's mother. We conclude that this foundation meets the authentication requirements imposed by Evid.R. 901(A), and consequently the trial court did not err in admitting the exhibit into evidence.
 {¶ 24} Barry's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT DETERMINED THAT PLAINTIFF-APPELLANT HAD PURCHASED A LAWNMOWER FOR $10,000.00."
 {¶ 27} Barry challenges the portion of the trial court's decision ordering him to pay Sunday an amount to equalize the division of a Ferris lawnmower. Barry maintains that his father gave him the lawnmower after being diagnosed with cancer in exchange for Barry's promise to cut his father's grass. Sunday asserts that the mower was purchased with marital funds that came from the sale of a tractor.
 {¶ 28} As stated, an appellate court will not reverse a trial court's classification of property as marital or separate where it is supported by some competent, credible evidence. Barkley,119 Ohio App.3d at 159. The trial court found that Barry retained title to the lawnmower, but ordered him to pay Sunday the sum of $5,000 as representative of one half of the purchase price to equalize the division of the property.
 {¶ 29} After thoroughly reviewing the record, we do not detect any competent, credible evidence to support a finding that the mower constituted marital property. The parties offered contrasting testimony on the issue at the hearing. According to Sunday, the mower was purchased with marital funds. During her testimony, however, she acknowledged that Barry never told her the source of the funds used to buy the mower. Rather, she speculated that the funds were drawn from the sale of a tractor. Barry argues that Sunday produced no evidence to trace the funds from the sale of the tractor to the purchase of the mower. We agree. The record is devoid of evidence to support Sunday's claim.
 {¶ 30} Included within the ambit of "separate property" is "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(vii). Barry testified that the mower was a gift from his father, given in return for Barry's promise to cut his father's grass. On cross-examination, Sunday conceded that the mower was paid for by a check from Barry's father. Furthermore, there is no evidence in the record supporting the $10,000 value attributed to the lawnmower. Sunday offered no evidence as to the retail value of the mower, or whether it was purchased new or used. In view of these circumstances, we conclude that the trial court abused its discretion in ruling that Sunday was entitled to a monetary award in the amount of half the alleged value of the lawnmower.
 {¶ 31} Barry's third assignment of error is sustained.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT ORDERED HIM TO PAY SPOUSAL SUPPORT FOR LIFE."
 {¶ 34} Barry challenges the duration of the trial court's spousal support order. The court awarded Sunday spousal support in the amount of $200 per week, and provided that this award terminated upon the death of either party or Sunday's remarriage or cohabitation. Barry argues that Sunday is relatively young and in reasonably good health, and as such is capable of being self sufficient.
 {¶ 35} A trial court may award reasonable spousal support to either party in a divorce action. R.C. 3105.18(B). The court is vested with broad discretion in determining whether or not an award of spousal support is appropriate. See Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 130-31. In making such a determination, a trial court must consider the factors set forth in R.C. 3105.18(C)(1). Among these factors is each party's income, earning capacity, age, mental and emotional condition, standard of living, education, assets and liabilities. Other factors invoke consideration of the duration of the marriage and lost income capacity due to a party's fulfillment of marital responsibilities. In addition to the statutory factors, a trial court is free to consider any other factor it deems relevant and equitable. See R.C. 3105.18(C)(1)(n).
 {¶ 36} The record provides ample support for the trial court's spousal support award. The parties were married for 32 years and had four children. Barry had always been the primary wage earner. Sunday's chief position for the vast majority of the marriage was as a homemaker. Her high school education and limited skills hinder her present earning capacity. Barry is in a better position with a college degree and various trade skills. The current income disparity between the parties is great, with Barry earning approximately $44,000 per year and Sunday earning only $19,000 per year.
 {¶ 37} We note that the spousal support order is subject to the normal termination contingencies, i.e., the death of either party or Sunday's remarriage or cohabitation. Also, the trial court reserved jurisdiction over the award, giving it the authority to modify or terminate spousal support for appropriate reasons in the future. Considering the circumstances, we find no abuse of discretion in the trial court's support order.
 {¶ 38} Barry's fourth assignment of error is overruled.
 {¶ 39} In sum, we affirm the trial court's reliance on exhibit O as well as the portions of the trial court order dividing the parties' interest in the marital residence and awarding spousal support. We reverse the portion of the trial court order requiring Barry to pay Sunday half the value of the Ferris lawnmower and remand the case for further proceedings according to law and consistent with this opinion.
 {¶ 40} Judgment affirmed in part, reversed in part, and remanded.
Walsh, P.J., and Bressler, J., concur.