[Cite as *Peoples Bank, Natl. Assn. v. Tome* , 2011-Ohio-5412.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| PEOPLES BANK, NATIONAL ASSOCIATION, Trustee of Dana Patterson Trust | : : : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA38 |
| | : | |
| vs. | : | **RELEASED: Sept. 30, 2011** |
| | : | |
| FLOYD TOME, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Dennis L. Sipe, Buell & Sipe Co., L.P.A., Marietta, Ohio, for Appellant.

James S. Huggins, John E. Triplett, Jr., and Daniel P. Corcoran, Theisen Brock, L.P.A., Marietta, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Floyd Tome, appeals the trial court's grant of summary judgment in favor of Appellee, Peoples Bank, National Association. On appeal, Appellant raises a single assignment of error, contending that the trial court erred when it granted Appellee's motion for summary judgment. After construing the record and all inferences therefrom in Appellant's favor, we find there are no genuine issues of material fact, Appellee is entitled to judgment as a matter of law, and

reasonable minds can come to but one conclusion, and that conclusion is adverse to Appellant. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} This case involves the ownership of a painting, referred to as "The Bay of Naples" and purportedly painted by English artist Joseph Turner.  The parties agree that the painting was formerly owned by Dana and Merrill Patterson. Appellee, Peoples Bank, National Corporation (successor trustee of the Dana Rymer Patterson Trust), contends that the painting was conveyed to the trust after Mrs. Patterson's death in 1995 and that the trust retained possession of the painting until it was mistakenly transferred to Appellant, Floyd Tome (a former student of Mr. Patterson and friend of the Pattersons)  in 2008.  Appellant contends that the painting was gifted to him while the Patterson's were still living, and alternatively contends that the painting was gifted to him in 2008 by Appellee when Appellee transferred the painting to Appellant's possession after locating a note written by Mrs. Patterson in 1989 which stated Appellant was to have the painting when the Pattersons were gone.

{¶3} The painting remained in the Patterson's house after Mr. Patterson's death in 1990 and Mrs. Patterson's death in 1995.  Although

Appellant inquired with the estate attorneys about obtaining the painting, the painting was never transferred to him. A review of the record indicates that that the painting was valued at $475.00 and listed as part of the estate inventory. Appellant did not file an objection to the inventory or file a claim against the estate and eventually the painting was conveyed to the trust under the terms of Mrs. Patterson's last will and testament.

{¶4} As previously stated, at some point in 2008, Appellee linked the painting with the 1989 note written by Mrs. Patterson and arranged to deliver possession of the painting to Appellant, via Ross Thomas, the estate appraiser. Ross Thomas contacted Appellant, met him at the Patterson's home, and gave him the painting. At some point thereafter, Appellant approached trust account officer Ron Close, employed by Appellee, requested some additional information related to the painting, and suggested that the painting might be valuable. Appellee eventually realized its mistake and requested Appellant return the painting. Appellant refused.

{¶5} Thereafter, on November 17, 2009, Appellee filed a complaint against Appellant, requesting that it be declared the rightful owner of the painting. Subsequently, on July 28, 2010, Appellee filed a motion for summary judgment. Pertinent to the decision herein, Appellee contended that the Patterson's did not make an effective inter vivos gift of the painting

to Appellant, that Mrs. Patterson's 1989 note failed under the Statute of Wills because it was not witnessed, and that Appellee's transfer of the painting to Appellant did not constitute a gift because Appellee lacked authority under the language of the trust to make gifts. Appellee' motion was supported by the affidavit of trust account officer, Ron Close, which will be discussed more fully, infra. Appellant objected to the motion, supporting his arguments with his own affidavit.

{¶6} The trial court granted summary judgment over the objection of Appellee on October 10, 2010. In its entry, the trial court determined that Mrs. Patterson's 1989 note violated the Statute of Wills[1] and was ineffective as an inter vivos gift. The trial court also determined that Appellee did not gift the painting to Appellant in December of 2008. In reaching its decision, the trial court reasoned that because the trust does not specifically authorize the trustee to make gifts or gratuitous transfers, Appellee did not have the authority to make a gift to Appellant. The trial court granted summary judgment in favor of Appellee, determined Appellee to be the absolute owner of the painting and enjoined Appellant from asserting any right title or interest in the painting. It was unnecessary for the trial court to order the

---

[1] In reaching its decision, the trial court specifically cited R.C. 2107.03, entitled "Method of making will," which requires that a will "be attested and subscribed in the conscious presence of the testator, by two or more competent witnesses, who saw the testator subscribe, or heard the testator acknowledge the testator's signature." The parties herein do not dispute that the Mrs. Patterson's 1989 note did not meet this requirement.

painting to be returned to Appellee, as Appellee had already recovered the painting from Appellant pursuant to an earlier court order.

{¶7} It is from this grant of summary judgment in favor of Appellee that Appellant now brings his timely appeal, assigning a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

LEGAL ANALYSIS

{¶8} In his sole assignment of error, Appellant contends that the trial court erred when it granted Appellee's motion for summary judgment. Appellant limits his argument to the trial court's determination that Appellee, Peoples Bank, did not gift him the painting in 2008, and does not challenge the trial court's determinations that Mrs. Patterson's 1989 note failed as a gift inter vivos and violated the Statute of Wills.

{¶9} When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is

adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; See also, Civ.R. 56(C).

{¶10} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996-ohio-107, 662 N.E.2d 264. To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); See also *Hansen v. Wal–Mart Stores, Inc.*, Ross App. No. 07CA2990, 2008-Ohio-2477, at ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party

does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

{¶11} Appellant raises two issues under his sole assignment of error. Appellant's first issue presented for review asserts that a court, when deciding a motion for summary judgment, may only consider affidavits that are based upon personal knowledge of the affiant. In raising this issue, Appellant complains that the trial court erred when it considered the affidavit of Ron Close, which was filed in support of Appellee's motion for summary judgment. Appellant specifically argues that the information contained within the affidavit was not within Close's personal knowledge.

{¶12} In response, Appellee contends that because Appellant did not object to Close's affidavit below, he has waived the right to challenge the affidavit on appeal. However, despite Appellant's failure to object below, we must nevertheless be mindful of the language of Civ.R. 56(E) set forth above which states "* * * summary judgment, *if appropriate*, shall be entered against the party." (Emphasis added). Thus, despite Appellant's failure to object to the affidavit, summary judgment should only be granted, when *appropriate*, under Civ.R. 56. As such, we will review the issue raised by Appellant.

{¶13} "For evidentiary material attached to a summary judgment motion to be considered, the evidence must be admissible at trial." See Civ.R. 56(E) and *Pennisten v. Noel* (Feb. 8, 2002), Pike App. No. 01CA669, 2002-Ohio-686, at *2. Although we conduct a de novo review of the trial court's decision to grant summary judgment, we review the court's rulings on the admissibility of evidence for an abuse of discretion. *Lawson v. Y.D. Song, M.D., Inc.* (Sept. 23, 1997), Scioto App. No. 97 CA 2480, 1997 WL 596293, at *3; See also, *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the syllabus. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶14} Civ.R. 56(E) states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Personal knowledge" is " '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has

said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 26, quoting Black's Law Dictionary (7th Ed.Rev.1999) 875. It is " 'knowledge of factual truth which does not depend on outside information or hearsay.' " *Residential Funding Co., L.L.C. v. Thorne*, Lucas App. No. L–09–1324, 2010-Ohio-4271, at ¶ 64, quoting *Modon v. Cleveland* (Dec. 22, 1999), Medina App. No. 2945–M, 1999 WL 1260318, at *2.

{¶15} First, Appellant claims that Ron Close lacked personal knowledge of the "provenance" of the painting, as well as who had possession of the painting from 1995 until 2008.  After making these assertions, Appellant concedes that these two examples of Close's lack of personal knowledge are not critical.  We agree

{¶16} Appellant also challenges Ron Close's assertions related to Appellee's "mistaken" belief that Appellant was entitled to the painting, as well as Appellee's decision to transfer the painting to Appellant based upon that belief.  Appellant argues that because Ross Thomas, who was not even an employee of the bank,[2] contacted Appellant and delivered the painting to him, that Close did not have personal knowledge of the decision.  Appellant

---

[2] The relationship between Appellee and Ross Thomas is unclear to this Court.  A review of the record indicates that Thomas is the appraiser who performed the appraisal for the Patterson's estate.  However, on appeal, in response to Appellant's assertion that Thomas was Appellee's employee,  Appellee asserts that Thomas was not its employee.

specifically argues that "[n]owhere does it appear in his affidavit that Mr. Close was personally involved in the decision to transfer to [sic] the painting to Appellant or the actual transfer of the painting to Appellee [sic].

{¶17} Close's affidavit specifically stated that his averments were based upon his personal knowledge, as a trust account officer, employed by Appellee, acting trustee of the Patterson's trust. Appellant seems to argue that because Ross Thomas, rather than Ron Close, physically transferred the painting into Appellant's possession that Close could not have personal knowledge of the decision to effectuate that transfer. We disagree with Appellant's reasoning. Of importance, there was nothing in Appellant's memorandum opposing summary judgment, including Appellant's affidavit in support of his memorandum contra that defeated Close's averment of personal knowledge of the decision by Appellant to transfer the painting to Appellant.

{¶18} Further, "personal knowledge may be inferred from the contents of an affidavit * * *." *Carter v. U-Haul Internatl.*, Franklin App. No. 09AP–310, 2009-Ohio-5358, at ¶ 10; *Flagstar Bank F.S.B. v. Diehl*, Ashland App. No. 09 COA 034, 2010-Ohio-2860, at ¶ 25. Here, Close's averments, based upon his position as a trust account officer sufficiently permit an inference of personal knowledge on his part of Appellee's decision

to transfer the painting to Appellant. This is true despite the fact that he may not have been the one to contact Appellant and arrange for the physical transfer of the painting to Appellant's possession.

{¶19} Thus, we conclude that Appellee's affidavit filed in support of its motion for summary judgment complies with Civ.R. 56(E). As such, the trial court did not err or abuse its discretion in relying on the affidavit in reaching its decision to grant summary judgment in favor of Appellee. Accordingly, Appellant's first issue raised under his sole assignment of error is without merit and is therefore overruled.

{¶20} The next issue raised by Appellant relates to the moving party's burden to demonstrate that there is no dispute as to the existence of any material fact. Specifically, Appellant asserts that there is a genuine issue of fact as to Appellee's intent, claiming that when Appellee transferred the painting to Appellant, it intended to make an inter vivos gift. Appellant suggests Appellee's claim that it never intended to gift the painting to Appellant is simply an attempt to limit its liability after it "gave away a painting that had potentially a great deal of value to the trust and its beneficiaries."

{¶21} Appellee, on the other hand, contends that by transferring the painting to Appellant, it was mistakenly trying to honor the settlor's

intentions.  Specifically, Appellee explains that on or about December of

2008, as it was selling trust assets in order to generate cash for the

beneficiary of the trust, it discovered the painting at issue and linked it with

the note written by Mrs. Patterson in 1989.  Appellee further explains that it

mistakenly believed Appellant was entitled to the painting, even though the

note violated the Statute of Wills and failed as an inter vivos gift.[3]  Appellee

claims that it then mistakenly delivered the painting to Appellant, claiming

that it did not intend to make a gift, and instead was only trying to honor the

settlor's intentions.

{¶22} A review of the record indicates that in granting summary

judgment, the trial court determined that Appellee did not intend to gift the

painting to Appellant.  The trial court further found that "regardless of

[Appellee's] donative intent, the Trust Agreement does not grant [Appellee]

the power or authority to make a gift of trust property.  See Article IV, ¶ IV

of the December 30, 1972 Dana Rymer Patterson Trust Agreement."  Based

upon the following, we agree with the reasoning of the trial court.

{¶23} "When construing provisions of a trust, our primary duty is to

'ascertain, within the bounds of the law, the intent of the * * * settlor.' "  *In*

---

[3] As set forth above, the trial court's entry granting summary judgment determined that Mrs. Patterson's 1989 note was not effective as an inter vivos gift and also failed as a testamentary disposition under the Statute of Wills.  Appellant does not challenge those findings on appeal and instead only appeals the trial court's determination that the transfer of the painting from Appellee to Appellant failed as an inter vivos gift and was beyond the authority of the trustee.

*the Matter of the Trust of Brooke*, 82 Ohio St.3d 553, 557, 1998-Ohio-185, 697 N.E.2d 191; citing *Domo v. McCarthy* (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706. "The express language of the trust guides the court in determining the intentions of the settlor." *Brooke* at 557; citing, *Casey v. Gallagher* (1967), 11 Ohio St.2d 42, 227 N.E.2d 801. "Any words used in the trust are presumed to be used according to their common, ordinary meaning." *Brooke* at 557; citing *Albright v. Albright* (1927), 116 Ohio St. 668, 157 N.E. 760. Further, "[t]he powers and duties of a trustee are determined by the terms of the trust." *Brooke* at 557; citing *Daloia v. Franciscan Health Sys.*, 79 Ohio St.3d 98, 102, 1997-Ohio-402, 679 N.E.2d 1084.

{¶24} Applying this framework to the trust at issue, we believe the trial court correctly concluded that Appellee had no power under the trust to gift the subject painting to Appellant. Here, the trust agreement provides no express or implied power to make gifts or gratuitous transfers. As noted by the trial court in its decision, Appellant attempts to create such a power where none exists by citing language from the trust agreement regarding Appellee's "power to convey." However, as correctly noted by the trial court, this power specifically relates to Appellee's power to convey in connection with its power to sell, not give away, trust assets. In fact, none of

the discretionary provisions in the trust provide the trustee with the discretion to make gifts of trust property or assets.  Further, Article II, Section 8 of the January 14, 1982, amendment to the trust agreement provides that the trustee shall exercise its discretion in using principal for the benefit of the trust beneficiary.  The making of a gift of trust assets or property would be contrary to the duty of the trustee to exercise its discretion in using principal for the benefit of the trust beneficiary.

{¶25} Further, although not cited by the parties, R.C. 5810.01, entitled "Remedies for breach of trust" provides as follows:

"(A)   A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust.

(B)   To remedy a breach of trust that has occurred or may occur, the court may do any of the following:

* * *

(9)   Subject to section 5810.12 of the Revised Code[4], void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property wrongfully disposed of and recover the property or its proceeds;

(10)   Order any other appropriate relief."

Appellant argues on appeal that he should be able to keep the painting, even if the trustee acted without authority, claiming that the trust would still have

---

[4] R.C. 5810.12, entitled "Protections of person dealing with trustee" essentially provides protection to a bona fide purchaser for value in connection with trust related transactions.  As correctly noted by the trial court, however, Appellant was not a bona fide purchaser of the painting.  Thus, this section does not afford Appellant any protection.

a remedy against the trustee for the wrongful disposition of trust assets.  A review of the record reveals that Appellee, in its summary judgment filings, requested that the trial court void its act of delivering the painting as it was not authorized to do so under the language of the trust agreement.  Finding that Appellee lacked authority under the trust to make a gift of trust property, the trial court declared Appellee to be absolute owner of the painting and enjoined Appellant from asserting any right, title, or interest in the painting.  We conclude that this action was a proper remedy under R.C. 5810.01, as it essentially voided the action of the trustee, as requested by the Appellee Trust, rather than seeking compensation from the trustee.[5]

{¶26} After reviewing the record below, we find no merit to the second issue raised under Appellant's sole assignment of error.  The trial court correctly determined that under the circumstances of this case, Appellee had no authority under the trust agreement to gift the painting at issue to Appellant and, as such, the transfer of the painting to Appellant did not vest Appellant with any right, title or interest in the painting.  The trial court further ordered an appropriate remedy under R.C. 5810.01 by having the painting transferred back to Appellee's possession, albeit prior to its

---

[5] A review of the record reveals that it was not necessary for the trial court to impose a constructive trust on the trust property or recover the property, as Appellant had already turned the painting over to Appellee pursuant to an earlier order the trial court.

grant of summary judgment, and enjoining Appellant from asserting any right, title, or interest in the painting.

{¶27} Viewing the evidence in a light most favorable to Appellant, we conclude there is no genuine issue of material fact, and reasonable minds can come to but one conclusion, which conclusion is adverse to Appellant. As such, Appellee is entitled to judgment as a matter of law. Accordingly, we affirm the trial court's decision to grant summary judgment.

**JUDGMENT AFFIRMED.**

Harsha, P.J., concurring.

{¶28} I conclude the appellant waived the issue of the trial court's reliance on the Close affidavit because he failed to object to it. Therefore, I do not join in addressing the merits of the appellant's argument that the affidavit lacks the proper foundation of personal knowledge.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Probate Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P. J. Concurs with Concurring Opinion.
Kline, J. Concurs in Judgment and Opinion; Concurs in J. Harsha's Concurring Opinion.


For the Court,


BY:   _____
            Matthew W. McFarland, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**