[Cite as *Discover Bank v. Hanson*, 2026-Ohio-140.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DISCOVER BANK | : | |
| | : | C.A. No. 30515 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CV 06292 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| CHARMALEE F. HANSON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 16, 2026, the judgment of

the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately

serve notice of this judgment upon all parties and make a note in the docket of the service.

Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified

copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note

the service on the appellate docket.


For the court,


_____
RONALD C. LEWIS, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

CHARMALEE F. HANSON, Appellant, Pro Se

MICHELLE L. HATFIELD, CAROLINE Z. LOUDERBACK, JAMES P. MCGOWAN, ROBERT G. WILLIAMS, DIANE HUFF, Attorneys for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Charmalee F. Hanson appeals from a judgment of the Montgomery County Common Pleas Court, which granted summary judgment in favor of plaintiff-appellee Discover Bank ("Discover") in its action to collect on a credit card debt.[1] For the following reasons, we affirm the judgment of the trial court.

## I.    Procedural History and Facts

{¶ 2} On December 13, 2024, Discover filed a complaint against Hanson in the Montgomery County Common Pleas Court to collect the outstanding balance that she owed on her credit card.   Discover alleged that Hanson applied for a credit card account with Discover, defaulted on payment, and owed Discover $13,771.17.   Discover asked for judgment in that amount, post-judgment interest on the principal balance, and court costs.

{¶ 3} Discover attached two exhibits to the complaint.   Exhibit A was an account summary from January 1, 2024, to January 8, 2024, which bore an account number ending in 6595, stated Hanson's name and address, and reflected a balance due of $13,771.17. Exhibit B was entitled "Cardmember Agreement" and listed Discover on the front page with a "2022 Discover Bank" notation.   The exhibit contained four pages of a card-member agreement but did not bear the name of any particular individual.

---

1. As of May 18, 2025, Discover merged into and became a part of Capital One, N.A.   For ease of discussion, we continue to refer to plaintiff-appellee as Discover.

2

{¶ 4} In response, Hanson, pro se, submitted a letter to the trial court addressed to opposing counsel and requested additional information about the alleged debt. Hanson's letter concluded with the statement that until she received the requested information, she was "exercising my right to dispute this debt, and I request that no further legal action is taken until the debt is validated."

{¶ 5} The case was referred to mediation, which was unsuccessful. Discover then filed a motion for summary judgment. Attached to the motion was the affidavit of Andrew Moore, a litigation support coordinator for Discover. Moore stated that he was responsible for maintaining account records pertaining to Discover credit card accounts and interacting with Discover credit card account holders with regard to payments owed on those accounts. According to the records Moore reviewed, the account ending in 6595 was in default and had a balance of $13,771.17. Moore identified Hanson as the cardmember and provided her last known address.

{¶ 6} Moore referenced two exhibits in his affidavit and identified them as true and accurate copies of the originals. Exhibit A was the same card-member agreement that was attached to the complaint, and Moore identified it as the terms and conditions that governed Hanson's credit card. Exhibit B contained periodic credit card statements bearing Hanson's name, address, and account number ending in 6595. The statements covered the period from November 17, 2021, to January 8, 2024, reflecting a $13,771.17 balance due February 3, 2024.

{¶ 7} Hanson responded to Discover's summary judgment motion but did not submit an affidavit or evidentiary materials. Hanson's response asserted that she was experiencing severe financial hardship and was unable to afford repayment of the alleged credit card debt. Hanson stated that she did not deny that a balance may have existed, but

3

she lacked the financial means to resolve the debt. She further claimed that the account in question was charged off by the original creditor and that she had not entered into any repayment agreement with Discover. Finally, Hanson argued that Discover had not provided sufficient documentation to establish standing or to validate the debt under the Fair Debt Collection Practices Act, "if applicable."

{¶ 8} The trial court granted Discover's motion for summary judgment. The court relied on Moore's affidavit and exhibits and noted that Hanson had failed to submit any affidavit or supporting evidence to raise a genuine issue of material fact as required by Civ.R. 56(C). The court entered a judgment in favor of Discover and against Hanson in the amount of $13,771.17, plus court costs and post-judgment interest at the statutory rate on only the principal amount. Hanson timely appealed.

{¶ 9} Hanson raises two assignments of error, which state:

> The trial court erred in granting summary judgment in favor of Discover Bank where the evidentiary materials submitted by the bank failed to satisfy the admissibility requirements of Civ. R. 56(E) and the Ohio Rules of Evidence.

> The trial court erred by granting summary judgment despite the existence of genuine issues of material fact regarding the validity, amount, and ownership of the alleged debt, in violation of Civ.R. 56(C).

{¶ 10} Hanson's arguments on appeal are twofold. First, Hanson argues that the evidence submitted by Discover in support of its motion for summary judgment was not admissible pursuant to Civ.R. 56(E) and the Ohio Rules of Evidence. Second, even if the evidence was admissible, there remained a genuine issue of material fact, which precluded a grant of summary judgment.

4

## II.    Admissible Evidence

{¶ 11} Hanson contends that Discover's bank records were not supported by sufficient foundational testimony through Moore's affidavit, rendering them inadmissible under Evid.R. 901.    According to Hanson, the records constituted hearsay under Evid.R. 803.

{¶ 12} "Although we conduct a de novo review of the trial court's decision to grant summary judgment, we review the court's rulings on the admissibility of evidence for an abuse of discretion."   *People's Bank, Natl. Assn. v. Tome*, 2011-Ohio-5412, ¶ 13 (4th Dist.), citing *Lawson v. Y.D. Song, M.D., Inc.*, 1997 WL 596293, *3 (4th Dist. Sept. 23, 1997), and *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus.   "A trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner." *State v. Finnerty*, 45 Ohio St.3d 104, 107 (1989).

{¶ 13} Civ.R. 56(C) lists the types of evidentiary materials that a court may consider in rendering summary judgment; these include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action."   Civ.R. 56(E) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."   Absent an exception, hearsay may not be considered in a motion for summary judgment.   *Johnson v. Southview Hosp.*, 2012-Ohio-4974, ¶ 20 (2d Dist.), citing *Knoth v. Prime Time Marketing Mgt., Inc.*, 2004-Ohio-2426, ¶ 13 (2d Dist.).

{¶ 14} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

5

asserted in the statement."   Evid.R. 801(C).   A "statement," as included in the definition of hearsay, is an oral or written assertion or nonverbal conduct of a person if that conduct is intended by him or her as an assertion.   Evid.R. 801(A).

{¶ 15} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."   Evid.R. 901(A).   "The authentication requirement contemplated by Evid.R. 901(A) invokes a very low threshold standard, requiring only sufficient foundational evidence for the trier of fact to conclude that the item is what the proponent claims it to be."   *Weisbecker v. Weisbecker*, 2006-Ohio-5840, ¶ 22 (12th Dist.). The requirements of authentication or identification may include: "Any method of authentication or identification provided by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio or by other rules prescribed by the Supreme Court."   Evid.R. 901(B)(10).

{¶ 16} "'Proving the contents of a writing presents problems with hearsay, authentication, and the best evidence rule.'"   *SFJV 2005, L.L.C. v. Ream*, 2010-Ohio-1615, ¶ 46 (2d Dist.), quoting *State v. Carter*, 2000 WL 1466189, *5 (4th Dist. Sept. 26, 2000). Discover's records constitute statements other than those made by a declarant while testifying in trial and are offered to prove the truth of the matters contained within them, i.e., that Hanson made various purchases and payments on the account, resulting in a $13,771.17 balance.   The records, therefore, could not be considered in contemplating summary judgment unless they qualified under an exception to the hearsay rule.

{¶ 17} Discover relies on the "business records" exception in Evid.R. 803(6), which provides that the following evidence is not excluded by the rule against hearsay:

6

**Records of regularly conducted activity**. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

{¶ 18} To qualify for admission under Evid.R. 803(6), a business record must satisfy four essential elements: (1) it must be one regularly recorded in a regularly conducted activity, (2) it must have been entered by a person with knowledge of the act, (3) it must have been recorded at or near the time of the transaction, and (4) a foundation must be laid by the custodian of records or some other qualified witness. *State v. Hood*, 2012-Ohio-6208, ¶ 39. Generally, the business record exception requires that someone testify as to the regularity and reliability of the business activity involved in the creation of the record. *State v. Hirtzinger*, 124 Ohio App.3d 40, 49 (2d Dist.1997). Although the testifying witness need not have personal knowledge of the creation of the record in question, the witness "must possess a working knowledge of the specific record-keeping system that produced the document" and "'be able to vouch from personal knowledge of the record-keeping system that such records were kept in the regular course of business.'" *State v. Davis*, 62 Ohio St.3d 326, 342 (1991), quoting *Dell Publishing Co., Inc. v. Whedon*, 577 F.Supp. 1459, 1464, fn. 5 (S.D.N.Y.1984). "A trial court abuses its discretion when it admits a business record in the absence of an adequate foundation to establish admissibility under

Evid.R. 803(6)." *State Farm Mut. Auto. Ins. Co. v. Anders*, 2012-Ohio-824, ¶ 12 (10th Dist.), citing *State v. Myers*, 2003-Ohio-4135, ¶ 58 (10th Dist.).

{¶ 19} With these standards in mind, we now turn to Moore's affidavit. Moore was a litigation support coordinator for Discover. Among other things, Moore was responsible for maintaining account records pertaining to Discover's credit card accounts and interacting with the account holders with regard to payments owed on those accounts. Moore averred that he made the affidavit after having personally reviewed Hanson's account records. Moore stated that the records were maintained by Discover and its wholly owned servicing subsidiary in the ordinary course of business. Hanson's records were updated with information on events, such as charges and payments on the account, by individuals with personal knowledge of those events or by an automated process that tracked such events at or near the time that the events occurred. Moore further stated that the attached documents were true and accurate copies of the originals and were retrieved from the record keeping system he described. We conclude that Moore was able to vouch from his personal knowledge of Discover's record keeping system that the exhibits attached to his affidavit were kept in the regular course of Discover's business, and therefore the exhibits were properly authenticated and admissible under the business records hearsay exception.

{¶ 20} The trial court did not abuse its discretion in considering the business records when granting Discover's motion for summary judgment. Hanson's first assignment of error is overruled.

### III. Summary Judgment

{¶ 21} Having determined that the trial court properly considered the evidence attached to Moore's affidavit in rendering summary judgment in favor of Discover, we now consider whether there remained a genuine issue of material fact, which would have

8

precluded the trial court from granting summary judgment. Hanson contends that there is a genuine issue as to whether Discover owned the account, whether the balance was correct, and whether all charges were authorized.

{¶ 22} Summary judgment is proper when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) based on the evidence submitted, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56(C); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Appellate review of a trial court's ruling on a motion for summary judgment is de novo, meaning that we independently review the record and apply the same standards as the trial court, without deference to the trial court's determination, to determine whether as a matter of law, no genuine issues exist for trial. *Rogers v. Olt*, 2018-Ohio-2110, ¶ 18 (2d Dist.).

{¶ 23} "In a summary judgment proceeding, the moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated." *Mishler v. Hale*, 2014-Ohio-5805, ¶ 20 (2d Dist.), citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). To this end, the movant must point to evidentiary materials in the record of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶ 24} Once the moving party has satisfied its burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmoving party bears a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Id.* at 293; Civ.R. 56(E). The nonmoving party "may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Todd Dev. Co., Inc.*

*v. Morgan*, 2008-Ohio-87, ¶ 14, citing Civ.R. 56(E). Throughout, the evidence must be construed in favor of the nonmoving party. *Dresher* at 293.

{¶ 25} Discover's complaint alleged an action on account, which is founded upon contract, and "exists to avoid the multiplicity of suits that would be necessary if each transaction between the parties would be construed as constituting a separate cause of action." *Rumpke v. Acme Sheet and Roofing, Inc.*, 1999 WL 1034455, *4 (2d Dist. Nov. 12, 1999), citing *Am. Sec. Serv. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist. 1972). In an action on account, the plaintiff must prove the necessary elements of a contract action. *Asset Acceptance Corp. v. Proctor*, 2004-Ohio-623, ¶ 12 (4th Dist.). "To prove a breach of contract claim, a plaintiff must show 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" *Nilavar v. Osborn*, 137 Ohio App. 3d 469, 483-84 (2d Dist. 2000), quoting *Doner v. Snapp*, 98 Ohio App.3d 597, 600 (2d Dist. 1994).

{¶ 26} Discover's motion for summary judgment demonstrated that no genuine issue of material fact remained for trial. Discover provided an affidavit demonstrating Hanson's ownership of the account, an agreement showing the parties were bound, and statements regarding the charges, payments, and balances on the account. The cardmember agreement, which Moore's affidavit averred was the agreement governing Hanson's account, stated, "You accept this Agreement if you do not cancel your Account within 30 days after receiving a Card. You also accept this Agreement if you or an Authorized User use the Account." The oldest credit card statement showed a balance of $2,347.51 due February 11, 2022. Additional charges and payments were made until the account reached a balance of $11,731.71 due July 11, 2023. Thereafter, no additional purchases or cash advances were made. Nevertheless, fees and interest charges continued to accrue until

10

the final credit card statement showed a balance of $13,771.17 due February 3, 2024. Each statement contained the previous balance due and the current balance due and listed all debits and credits, which formed a running balance from the previous amount to the current amount. This arrangement permitted the calculation of the balance that Discover claimed was due. *Capital One Bank (USA) v. Truss*, 2019-Ohio-3290, ¶ 10 (2d Dist.). Moore stated the account was in default for Hanson's failure to pay the amount owed.

{¶ 27} "'Credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement.'" *Taylor v. First Resolution Invest. Corp.*, 2016-Ohio-3444, ¶ 50, quoting *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (10th Dist. 1989). "A creditor does not need to produce a signed credit card application to prove the existence of a binding contract because the credit card agreement created one." *Capital One, N.A. v. Howard*, 2024-Ohio-275, ¶ 12 (2d Dist.), citing *Discover Bank v. Poling*, 2005-Ohio-1543, ¶ 17 (10th Dist.). The credit card statements reflect that Hanson used the credit card and thus subjected herself to the cardmember agreement. *Ohio Receivables, L.L.C. v. Dallariva*, 2012-Ohio-3165, ¶ 33 (10th Dist.). Construing the evidence most strongly in favor of Hanson, we conclude that Discover supported its motion for summary judgment with competent evidence that demonstrated no genuine issue of material fact remained.

{¶ 28} The burden then shifted to Hanson to show that a genuine issue of material fact existed for trial. Hanson did not direct the court to any evidence in the record to set forth specific facts showing that there was a genuine issue for trial. In the absence of a genuine issue of material fact, the trial court correctly found that Discover was entitled to judgment as a matter of law.

{¶ 29} Hanson's second assignment of error is overruled.

### IV.     Conclusion

**{¶ 30}** Having overruled Hanson's assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.